18249

Martin D. LAWLESS, Respondent, v. E. M. FRASER, Appellant

(137 S. E. (2d) 591)

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Appellant,*

*Messrs. Hubert E. Nolin* and *Wyche, Burgess, Freeman & Parham,* of Greenville, *for Respondent,*

August 5, 1964.

LEWIS, Justice.

This action was instituted by the plaintiff to recover damages for personal injuries sustained by him while assisting in starting the defendant's stalled automobile. The plaintiff alleged that he was assisting in the operation of pushing the defendant's automobile with a truck and fell from the bumpers of the vehicles, where he was standing, when the defendant negligently and recklessly started his car without giving warning of such action. Upon the trial of the case, the plaintiff recovered a judgment for actual damages and the defendant has appealed.

The appeal is from the refusal of the lower court to grant the defendant's timely motions for a non-suit and directed verdict. The questions to be decided are (1) whether there was any evidence of actionable negligence or recklessness on the part of the defendant and (2), if so, whether the plaintiff was guilty of contributory negligence or recklessness as a matter of law. It is well settled that, in our determination of these issues, we are required to consider the testimony and the reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff. Our review of the testimony is so limited.

The plaintiff was employed as an attendant at the Fred Jones Esso Station in Greenville, South Carolina. The defendant was a customer of this service station. On the morning of December 2, 1960, the defendant went to the station for assistance in starting his automobile, and the plaintiff was sent by his employer with the defendant to the latter's home for such purpose. They were unable to start the motor with a booster battery and it was then discovered that the car was out of gasoline. After a call to the station, another employee, Carver, came to the scene in a service truck and put the needed gasoline in the tank of defendant's car. Further efforts to start the motor with the booster battery failed and, at the suggestion of the defendant, an attempt was made to start it by pushing the vehicle down an incline into the street, with the plaintiff at the wheel and defendant and Carver pushing; but the motor again failed to start. The defendant then told the plaintiff that he was in a hurry to get to his office and requested that his car be pushed with the service truck to get it started. The truck was accordingly placed immediately behind the defendant's car for that purpose. When the vehicles were so aligned, the defendant noticed that the bumpers were not level with each other, the bumper on the defendant's automobile being higher than the one on the truck. The defendant then requested the plaintiff to stand on the bumper of the stalled vehicle so that the bumpers would meet evenly, promising

to give to the plaintiff a signal by hand and voice before he attemped to start his car. The signal or warning was to be given so that the plaintiff could shift at that time to the bumper of the truck for safety. Following such request and promise by the defendant, the plaintiff stood upon the bumpers, facing so that he could see the signal to be given by the defendant, with one foot on the back bumper of defendant's car and the other on the front bumper of the truck, and holding with his hands. The defendant was in the driver's seat of his stalled car as Carver, who was driving the service truck, began pushing. The defendant's car was pushed by the truck for about a half block up the street when, suddenly and without any notice or warning, the defendant started it and pulled away from the truck. This caused the plaintiff to fall in the path of the truck and sustain serious injury.

The testimony further shows that the plaintiff had worked as a service station attendant for approximately thirteen years, during which time he had experience in starting stalled automobiles, in some instances by pushing them with another vehicle.

First, the defendant contends that the testimony failed to show any actionable negligence or recklessness on his part. It is argued that the plaintiff knew from his experience in such matters that, when the defendant's automobile started, it would become separated from the truck; and that the defendant could not have foreseen exactly when the motor of his car would become activated, so as to make it possible for him to give the plaintiff warning of such fact. From this, the defendant concludes that there could have been no duty on the defendant to give any warning to the plaintiff. This contention overlooks the testimony of the plaintiff as to the method to be used in starting the car and the purpose of the notice to be given by the defendant. It is true that the defendant could not have known the exact time when the motor of his car would start. However, according to the testimony of the plaintiff, the defendant alone knew when he in-

tended to attempt to start the motor. The defendant's automobile was equipped with, what is commonly called, an automatic gear shift. In order to start the motor, it was necessary that the car be "put in gear," and the plaintiff testified that this was done after the vehicle had started rolling and after notice by the defendant that he was about to put it in gear. In this case, the defendant specifically assumed the duty to giving such notice or warning.

The testimony sustains the inference that the defendant owed a duty to the plaintiff to exercise due care and that he failed to exercise the requisite care under the circumstances. It is reasonably inferable from the testimony that the plaintiff assumed his position on the bumpers of the vehicles at the request of the defendant and with his assurance that, before attempting to start the car, he would give to the plaintiff a signal so that he could protect himself from falling. It is also reasonably inferable that the defendant was aware of the results which would follow his failure to give such signal. Such notice was not given by the defendant, resulting in the plaintiff's falling in the path of the truck from the unexpected pulling away of the defendant's automobile, the very contingency which notice was intended to eliminate. The circumstances here afford ample proof of actionable negligence and recklessness on the part of the defendant and such issues were properly submitted to the jury.

Finally, the defendant contends that the only reasonable inference from the testimony is that the plaintiff was guilty of contributory negligence and recklessness in placing himself in a dangerous position on the bumpers of the vehicles.

Since we have held that there was evidence which warranted a finding that defendant was guilty of recklessness, and as there was no special finding by the jury on that issue, in order to sustain the foregoing contention of the defendant is must appear that the plaintiff was guilty of contributory recklessness as a matter of law. *Callison v. Charleston & W. C. Ry. Co.*, 106 S. C. 123, 90 S. E. 260; *Jumper v. Goodwin*, 239 S. C. 508, 123 S. E. (2d) 857.

Whether or not the plaintiff was guilty of contributory recklessness must be determined from all of the facts and circumstances in evidence. If the testimony is conflicting or if the inferences to be drawn therefrom are doubtful, the court will not determine such question as one of law.

The reasonableness of the act of the plaintiff in standing on the bumpers of the vehicles must be determined in the light of his right to rely upon the duty on the part of the defendant to give advance warning of his effort to start the car. The plaintiff stood upon the bumpers at the request of the defendant. It may be reasonably inferred that the parties anticipated that such act involved the risk of the plaintiff falling when the motor started and the vehicles separated, unless precautions were taken to guard against such danger. The defendant promised that warning would be given before an attempt was made to start the motor, so that plaintiff could guard against the anticipated danger of falling. Accordingly, it was the duty of the defendant to give plaintiff timely warning, and the plaintiff had a right to assume, in the absence of circumstances indicating to the contrary, that the defendant would discharge such duty. 38 Am. Jur., Negligence, Section 192. The plaintiff testified that he stood upon the bumpers in such a way as to be able to see the warning when given. The defendant failed to give the agreed signal and it is inferable that, but for such failure, the plaintiff would not have received injury. Under all of the circumstances in this case, the question of whether plaintiff was guilty of contributory recklessness was a jury issue.

The defendant also interposed the defense of assumption of risk. We have not discussed this defense because the record clearly shows that the doctrine is inapplicable to the facts of this case under the principles set forth in *Cooper v. Mayes*. 234 S. C. 491, 109 S. E. (2d) 12.

Affirmed.

TAYLOR, C. J. and MOSS, BUSSEY and BRAILSFORD, JJ., concur.