18254

Martha Ann OLIVER by David D. Oliver, Her Guardian Ad Litem, Respondent, v. Reece BLAKENEY and R. W. Jordan, Appellants

(137 S. E. (2d) 772)

*Messrs. McCaskill & Thompson,* of Conway, *for Appellants,*

*Messrs. L. C. Wannamaker,* of Cheraw, and *H. F. Bell,* of Chesterfield, *for Respondent,*

August 13, 1964.

LEWIS, Justice.

The plaintiff brought this action to recover for personal injuries sustained when the pick-up truck driven by her overturned as she was attempting to avoid striking the defendant's truck. Both vehicles were proceeding in the same direction along Highway No. 9, near Pageland, South Carolina, the defendant's vehicle travelling ahead. It was alleged that the plaintiff's injury and damage resulted from the neg-

ligent and reckless act of defendant's employee in suddenly and without warning stopping his truck in plaintiff's lane of travel. Upon the trial of the case the plaintiff recovered judgment for actual damages in the amount of $25,000.00, and the defendant has appealed. The questions for determination, preserved by appropriate motions of the defendant in the lower court and exceptions here, are whether the lower court erred in refusing to hold (1) that the plaintiff was barred of recovery by her own contributory negligence and recklessness, and (2) that the verdict was so excessive as to indicate bias and prejudice on the part of the jury. These will be disposed of in the order stated.

The plaintiff worked at Pageland, approximately six miles from her home. The accident occurred on February 21, 1962, as she was driving a pick-up truck to her home for lunch. It was drizzling rain at the time. As she rounded a curve in the highway she observed the defendant's truck proceeding ahead of her. She followed the truck for about one half mile before the accident, maintaining a distance behind it of 150 to 200 feet and travelling at a speed of 40 to 45 miles per hour. When the driver of the defendant's truck reached a point opposite a house located to his left of the road, he suddenly stopped his vehicle on the highway without prior warning or signal of his intention to do so. The stop was apparently made in response to the signal of a small boy who came out from the house. There was testimony that there was ample room in the yard of the house for the truck to have been driven off the travelled portion of the road before stopping, and that the rear stop light on the truck, normally actuated by the application of the brakes, was not operating at the time. When the plaintiff first realized that the truck had stopped, she was approximately 50 feet away and could not pass to the left without striking the small boy who was then standing on the paved part of the road on the left of, and approximately even with, the driver of the defendant's vehicle. When she saw that she could not pass the truck to the left because of the boy standing on the pavement, the

plaintiff applied her brakes and turned to the right. Her vehicle missed the rear of defendant's truck, left the highway, and overturned, resulting in the personal injuries for which she now seeks recovery.

There was testimony that the defendant's truck was brought to a stop without prior warning or signal of such intention, in violation of Section 46-406 of the 1962 Code of Laws; and that it was stopped on the travelled portion of the highway, when it was practicable to have driven off the road before stopping, in violation of Section 46-481. The violation of these statutory provisions was not only negligence *per se* but, under the circumstances, was evidence of recklessness and wilfulness. *Jumper v. Goodwin,* 239 S. C. 508, 123 S. E. (2d) 857.

The defendant contends that the lower court erred in refusing to hold under the foregoing testimony that the plaintiff was guilty of contributory negligence and recklessness and, therefore, barred of recovery. Since there was evidence which would have warranted a finding that the driver of the defendant's truck was guilty of recklessness, and as there was no special finding by the jury on that issue, in order to sustain this contention of the defendant, it must appear that the plaintiff was guilty of contributory recklessness as a matter of law, since simple contributory negligence would not constitute a defense to reckless or wilful conduct. *Callison v. Charleston & W. C. Ry. Co.,* 106 S. C. 123, 90 S. E. 260; *Jumper v. Goodwin, supra,* 239 S. C. 508, 123 S. E. (2d) 857; *Lawless v. Fraser,* S. C., 137 S. E. (2d) 591.

The defendant bases his contention that the plaintiff was guilty of contributory recklessness upon her alleged failure to keep a proper look-out, and in following the defendant's truck too closely in violation of Code Section 46-393 which provides that the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of the vehicles and traffic

conditions upon the highway. It is argued that the failure of the plaintiff to observe that she was gaining rapidly on a stopped or slowly moving vehicle, until she was approximately 50 feet away, after following it for one half mile, constituted a conscious failure to exercise due care.

In determining issues of negligence and contributory negligence arising out of collisions between vehicles proceeding in the same direction, we have held that a leading vehicle has no absolute legal position superior to that of one following. Each driver must exercise due care under the circumstances. As a general rule, the driver of the leading vehicle is required to make reasonable observations under the circumstances to determine that the particular movement of his vehicle, such as turning, slowing up, or stopping, can be made with safety to others, and to give adequate warning or signal of his intentions. The driver of the following vehicle owes a reciprocal duty to keep his vehicle under reasonable control and not to follow too closely. The proper distance to be maintained in all cases between a following vehicle and the one ahead cannot be determined by any mathematical formula. The statutory injunction in this State, Section 46-393, is simply that the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of the vehicles and traffic conditions at the time. The question of whether due care was exercised is controlled by the circumstances of the particular case and will not be determined by the court as a matter of law if the testimony is conflicting or the inferences to be drawn therefrom are doubtful. *West v. Sowell,* 237 S. C. 641, 118 S. E. (2d) 692.

The inferences which may be reasonably drawn from the testimony in this case preclude a determination that the plaintiff was guilty of contributory recklessness as a matter of law. The plaintiff had followed the defendant's truck for about one half mile before the accident, maintaining a distance behind it of 150 to 200 feet. She was travelling at a speed of 40 to 45 miles per hour. It is infer-

able that the vehicle ahead was proceeding at approximately the same speed. No emergency arose which necessitated the sudden stop of the defendant's vehicle, and there were no circumstances to indicate other than that it would continue along the highway as it had for the preceding one half mile. It is inferable that the plaintiff was following at a reasonable distance and speed. Under such circumstances, plaintiff had a right to assume that the driver of defendant's truck would not violate the law and stop on the highway without prior warning or signal. At the speed and distances involved, it is also reasonably inferable that, if the defendant's driver had given the required signal of his intention to stop, or if he had driven off the highway before stopping, as he could have done and was required to do under the law, the collision and resulting damage to the plaintiff would have been avoided. Under these circumstances, the trial judge properly submitted the issue of whether plaintiff was guilty of contributory recklessness to the jury for determination.

Finally, the defendant contends that the trial judge erred in refusing to set aside the verdict and grant a new trial upon the ground that the verdict was so excessive as to indicate bias and prejudice on the part of the jury.

Where the amount of the verdict bears a reasonable relationship to the character and extent of the injury and damage sustained, it is not excessive. *Watson v. Wilkinson Trucking Co.,* S. C., 136 S. E. (2d) 286.

The plaintiff is a young woman, 18 years of age at the time of the accident, with a life expectancy of 50.37 years. When her truck overturned, she sustained a whiplash injury to her neck and an acute lumbrosacral strain, necessitating hospitalization on two occasions, regular treatment by her physician, medication for pain, and the wearing at times of a neck collar and back brace. She continues to suffer headaches, backache, and pain in her neck. She was regularly employed before her injury at a weekly wage of $46.00. Following the accident, she had a total loss of wages for ap-

proximately eight months and can now work only about one half of the time, due to her physical condition. The medical testimony was to the effect that plaintiff's physical condition and disability was of a permanent nature.

The elements of damage which the jury could properly consider in determining the amount which plaintiff was entitled to recover included her loss of earning power, pain and suffering, and medical expenses, including any future damages resulting from permanent injuries. The assessment placed by the jury on these elements of damage finds reasonable support in the record. Therefore, the amount of the verdict cannot be attributed to bias and prejudice on the part of the jury.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY, and BRAILSFORD, JJ., concur.