18604

SURETY REALTY CORPORATION, Respondent, v.
Albert ASMER, Appellant

(153 S. E. (2d) 125)

*Messrs. McElveen & McElveen* and *Townsend & Townsend,* of Columbia, *for Appellant,*

*Messrs. Robinson, McFaddin & Moore,* of Columbia, *for Respondent,*

February 13, 1967.

Moss, Chief Justice:

Surety Life Insurance Company and Albert Asmer, the appellant herein, on September 30, 1961, entered into a lease whereby appellant leased a storeroom in the Richland Mall, a shopping center located in Richland County, for a period of five years beginning September 30, 1961, at an agreed rental of Three Hundred Fifty ($350.00) Dollars per month, payable in advance on the first day of each month. Thereafter, Surety Life Insurance Company assigned the rent to be paid by the appellant to Surety Realty Corporation, the respondent herein.

The appellant entered into possession of the rented premises and operated a retail liquor store therein for a period

of six to eight months and, beginning with the month of February, 1962, ceased to pay the monthly rental provided in the lease. In May, 1962, the appellant removed his stock of goods from the premises, without notice to the respondent. Thereafter, on December 21, 1962, the appellant surrendered the keys to the storeroom to the respondent so that the respondent might attempt to rent the premises for the account of the appellant.

The record shows that the respondent has brought four suits for installments of rent due under the written lease. We are not here concerned with the first two actions. The third action was for rent alleged to be due for the period December, 1962, through August, 1963. The answer of the appellant to the third action set up two defenses with which we are not here concerned. By agreement, this third action was referred to the Master for Richland County to take the testimony and to report his findings of fact and conclusions of law. At the reference the appellant was permitted to amend his answer, setting up as a defense that the landlord-tenant relationship had been terminated according to the provisions of Sections 41-65 and 41-66 of the 1962 Code, leaving the respondent a cause of action for damages which had been exhausted by the prior actions.

The Master of Richland County convened a reference on November 17, 1964, and took the testimony offered by the parties. Thereafter, he filed his report which was confirmed by the circuit court, in which he held that the appellant surrendered the keys to the rented premises in order that the respondent might attempt to rent the said premises for the account of the appellant. He further found that upon receiving the keys to the premises, the respondent secured the services of a reputable real estate agent in an effort to obtain a tenant for the premises while acting in behalf of the appellant. He further held that the lease agreement was not terminated under the provisions of Sections 41-65 and 41-66 of the Code. The Master, having concluded that the lease agreement was in full force and effect

through August 1963, held that the respondent was entitled to recover from the appellant the rent due under said lease for the period December, 1962, through August, 1963. There was no appeal from the order of the circuit court confirming the Master's report.

The fourth action was for rent alleged to be due for the period September, 1963, through June, 1964. The appellant filed an answer and, as a third defense, alleged:

"(2) Alleges that on or about December, 1962, this defendant surrendered possession of the demised premises to the plaintiff and returned to the plaintiff through its agents and servants acting within the scope of their authority the keys to the demised premises.

"(3) Alleges that sometimes prior to September, 1963, the plaintiff acting by and through his agents and servants who were then and there acting within the scope of their authority, reentered the demised premises and resumed possession thereof for the plaintiff's own use and purposes, and thereafter treated said demised premises as though the tenancy had expired.

"(4) Upon information and belief alleges that such conduct on the part of plaintiff, by and through its agents and servants acting within the scope of their authority, amounts to an acceptance of said surrender of the demised premises as a consequence whereof defendant is not liable for any rent accruing thereafter."

The respondent moved to strike paragraphs 3 and 4 of the third defense on the ground that such defenses had been adjudicated against the appellant in an action between the identical parties involving the same subject matter and such is now sham and irrelevant or frivolous. This motion was heard by The Honorable James Hugh McFaddin, Presiding Judge, and thereafter he issued an order granting the motion of the respondent to strike the defenses in question and ordered judgment against the appellant for the amount prayed for in the complaint. It is from this order that the appellant prosecutes this appeal.

It is the position of the appellant that the presiding judge erroneously applied the doctrine of *res judicata* in striking paragraphs three and four of the third defense of his answer. He asserts that the third cause of action is not identical to the fourth cause of action, and the judgment in the third cause of action was conclusive only as to the issues actually raised and determined therein, and are not conclusive nor *res judicata* as to an issue not raised therein and not passed upon by the court. Specifically, he asserts that the defense set forth in paragraphs three and four of the third defense to the fourth cause of action was not an issue raised or passed upon by the court in the third action.

In the fourth action, with which we are here concerned, we have the same parties but not the same cause of action. In actions brought for the payment of installments, as required by contract, as each installment becomes due a new cause of action arises. *Dunlap v. Travelers Ins. Co.*, 223 S. C. 150, 74 S. E. (2d) 828.

The parties in connection with the third action stipulated that the appellant there amended his answer setting forth that under Sections 41-65 and 41-66 of the Code the abandonment of the demised premises by the appellant operated to terminate the lease and end the landlord-tenant relationship. The Master found that even though the appellant was in arrears in the payment of his rent and had removed his stock of goods from the demised premises, that the surrender of the keys to the demised premises was for the purpose of allowing the respondent to rent the premises for the account of the appellant and these facts did not constitute an abandonment of the premises and a re-entry and repossession thereof by the respondent within the meaning of Sections 41-65 and 41-66 of the Code. The Master concluded that the lease in question was in full force and effect during the period for which rent was sought in the third action, which was December, 1962, through August, 1963.

In the fourth action the appellant alleges that he surrendered the possession of the demised premises to the respond-

ent and returned to it the keys to the premises and that "prior to September 1963" that the respondent re-entered the demised premises and resumed possession thereof for its own use and purpose and such action on its part terminated the landlord-tenant relationship between the parties. This defense was the same defense that had been asserted in the third cause of action and adjudicated therein against the appellant. In the third cause of action the appellant specifically plead as a defense Sections 41-65 and 41-66 of the Code, and in the fourth cause of action the appellant plead the content of these sections without referring to them specifically.

We have held that the relationship of landlord and tenant is terminated where the lessor, for his own purposes, re-enters and relets the demised premises upon the lessee's abandonment of the property and default in the payment of the rent. *United States Rubber Co. v. White Tire Co.,* 231 S. C. 84, 97 S. E. (2d) 403. We point out again that the Master held that through August, 1963, the respondent, in accepting the keys to the storeroom on the demised premises was acting for the benefit and in behalf of the appellant.

The surrender of the keys to the storeroom upon the demised premises for the purpose of allowing the respondent to rent the premises for the account of the appellant did not terminate the lease. When a tenant delivers the keys of the leased premises to the landlord and he receives them so as to be able to rent the premises for the account of the lessee, such is insufficient to terminate the lease or release the tenant from further liability for rent. 51 C. J. S., Landlord and Tenant, § 125c and d(3), pages 719 and 722; 32 Am. Jur., Landlord and Tenant, Section 912, page 771.

The rule in this State is that in a subsequent suit between the same parties upon a different claim, the former judgment is conclusive as to those issues actually determined in the prior action. The plea of *res-*

*judicata* applies to those matters actually adjudicated in the former action. *Johnston-Crews v. Folk,* 118 S. C. 470, 111 S. E. 15; *Lyerly. v. Yeadon,* 199 S. C. 363, 19 S. E. (2d) 648.

The answer of the appellant in the instant action ▮ alleges a termination of the lease by abandonment and re-entry occurring during the period involved in the third action. Since the question of termination of the lease by abandonment and re-entry was raised and decided adversely to the appellant in the third action, such is now *resjudicata.* The trial judge was correct in so holding.

The judgment of the lower court is affirmed.

LEWIS and BUSSEY, JJ., and LIONEL K. LEGGE and GEORGE T. GREGORY, JR., Acting Associate Justices, concur.