0449

ST. PHILIP'S EPISCOPAL CHURCH, Appellant, v. SOUTH CAROLINA ALCOHOLIC BEVERAGE CONTROL COMMISSION, and LeMadeleine, Inc., Respondent.

(329 S. E. (2d) 454)

Court of Appeals

*deRosset Myers*, Charleston, *for appellant.*

· *Gaines W. Smith,* Charleston, and *Asst. Atty. Gen., Edwin E. Evans,* Columbia, *for respondent.*

Argued Feb. 18, 1985.

Decided April 23, 1985.

SANDERS, Chief Judge:

This is an appeal by St. Philip's Episcopal Church from an order of the Circuit Court affirming a decision of the South Carolina Alcoholic Beverage Control Commission which granted a license for LeMadeleine, Inc. to sell liquor in sealed containers of two ounces or less for on premises consumption.[1] We affirm.

LeMadeleine is a restaurant in Charleston located at 158 Church Street. St. Philip's stands approximately 240 feet from its entrance. St. Philip's argues before us, as she did before the Commission and the Circuit Court, that the Commission is prohibited as a matter of law from granting a license to a business at this location because of the provisions of Sections 61-5-50(c) and 61-3-440, 1976 Code of Laws of South Carolina. Section 61-5-50(c) provides that business establishments or locations established after November 7, 1972, must comply with the provisions of Section 61-3-440. Section 61-3-440 in turn provides, among other things, that

---

[1] The license was technically granted to G. L. Buist Rivers, Jr., corporate secretary of LeMadeleine, Inc., for the use of the corporation, as required by Section 61-3-430, 1976 Code of Laws of South Carolina. Ironically, Mr. Rivers testified that he is a member of St. Philip's and previously served on its vestry.

the Commission shall not grant a license to a business located within 300 feet of a church.

Based upon its construction of these code sections and certain findings of fact as to the nature of businesses established at this location prior to November 7, 1972, the Commission concluded that it is not prohibited from granting the license. The Circuit Court affirmed the decision of the Commission on two grounds. First, the court held that St. Philip's was barred by the doctrine of collateral estoppel from litigating the issue of whether the Commission is prohibited from granting a license to a business at this location. Second, the court held that the Commission correctly construed the two code sections, and its findings of fact are supported by uncontroverted evidence contained in the record. We affirm the order of the Circuit Court on the first ground, making it unnecessary that we address the argument of St. Philip's that the court erred in affirming the Commission on the second ground.

The efforts of St. Philip's to hold the demon rum at bay, have been, like St. Philip's herself, historic. An abbreviated review of this history is necessary to an understanding of the application of the doctrine of collateral estoppel here.

In 1978, application was made to the Commission for a license on behalf of Porgy's, a restaurant at this same location. The license applied for was the same as that granted here to LeMadeleine. St. Philip's appeared before the Commission and raised the same issue she raises here relating to the location of the restaurant. The Commission, in that proceeding, resolved this same issue adversely to St. Philip's, holding that it was not prohibited from granting the license to Porgy's at this location. As a result, the license was granted to Porgy's. St. Philip's did not appeal from the final decision of the Commission. Nor did she otherwise seek judicial review of the Commission's final decision.

The license granted to Porgy's expired and the same location was leased by another restaurant, named McCabe's. Application was made on behalf of McCabe's for the same license. Undeterred by the earlier decision of the Commission, St. Philip's again appeared before the Commission raising the same issue as she raised in connection with the license for Porgy's and the same issue which she raises here.

Unsurprisingly, the Commission again resolved this issue adversely to St. Philip's and issued the license to McCabe's. This time, St. Philip's did seek judicial review of the Commission's decision by the Circuit Court. The court in that case, like the court in this case, affirmed the decision of the Commission, holding that St. Philip's was barred by the doctrine of collateral estoppel from relitigating the same issue decided adversely to it in the Porgy's case. St. Philip's appealed the decision of the Circuit Court to the Supreme Court. But while the appeal was pending, the license granted to McCabe's expired and the appeal as dismissed.

The same location was then leased to LeMadeleine and a third application was made to the Commission for the same license. St. Philip's appeared before the Commission for the third time, raising the same issue as she had raised in the Porgy's and McCabe's cases as to the location of the restaurant. Consistent with its previous decisions in these cases, the Commission for the third time resolved this issue adversely to St. Philip's and granted the license to LeMadeleine.

In our opinion, the Circuit Court correctly affirmed the decision of the Commission based on the doctrine of collateral estoppel.

We definitively dealt with the doctrine of collateral estoppel in the recent case of *Beall v. Doe*, 281 S. C. 363, 315 S. E. (2d) 186 (S. C. App. 1984). There we adopted the rule on issue preclusion formulated by the American Law Institute as set out in Restatement (Second) of Judgments, Sections 27, 28 and 29 (1982). Section 27 states the general rule which provides that when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim. Section 28 provides for five exceptions to the general rule. Section 29 provides that a party precluded from relitigating an issue with an opposing party, in accordance with Sections 27 and 28, is also precluded from doing so with another person unless the fact that he lacked a full and fair opportunity to litigate the issue in the first action or other circumstances

justify affording him an opportunity to relitigate the issue. Section 29 then goes on to provide eight circumstances which should be considered in addition to the exceptions to the general rule provided by Section 28.

Although the proceedings here before the Commission may not have involved an "action" resulting in a "judgment," these principles are also applicable to a final decision of an administrative agency. *See Earle v. Aycock*, 276 S. C. 471, 279 S. E. (2d) 614 (1981).

It is therefore clear that these principles preclude St. Philip's from relitigating the issue of whether the Commission is prohibited from granting the license to a business located at 158 Church Street. This same issue was actually litigated and determined by the decision of the Commission to grant the same license to Porgy's at the same location. The determination of this issue was obviously essential to the decision reached. St. Philip's had a full and fair opportunity to litigate the issue in the proceeding before the Commission on the Porgy's license and chose not to appeal from the Commission's decision to grant the license. None of the exceptions to the general rule provided by Section 28 of the Restatement are applicable here. Nor are there any other circumstances, as provided by Section 29, which justify affording St. Philip's an opportunity to relitigate the issue.[2]

However, our decision here should not be construed to bar St. Philip's from challenging the grant of a license for use at this location on some ground other than the location itself. For example, St. Philip's would not be barred from challenging the grant of a license for use at

---

[2] St. Philip's does not argue directly for the application of any exception or circumstance provided by Sections 28 and 29 of the Restatement. However, she does argue that she should be allowed to relitigate the Commission's construction of the two code sections because to bar her from doing so would "perpetuate illegality." We reject this argument. *See* Restatement (Second) of Judgments, Section 29(7) and comment i (1982). *See also Faile v. South Carolina Employment Security Commission*, 267 S. C. 536, 540, 230 S. E. (2d) 219 (1976) ("The construction of a statute by the agency charged with executing it is entitled to the most respectful consideration and should not be overruled without cogent reasons.").

this location to a person who was not of good moral character as required by Section 61-5-50(b).[3]

For these reasons, the order of the Circuit Court is

Affirmed.

SHAW and BELL, JJ., concur.

---

[3] We are reminded of the words of Henry David Thoreau:

The Church is a place where prayers and sermons are delivered, but the tavern is where they are to take effect, and if the former are good, the latter cannot be bad.

H. D. Thoreau, "The Landlord," in *The Writings of Henry David Thoreau* Vol. 9, 198 (1893). (Of course, we do not mean to imply, necessarily, that we agree with Mr. Thoreau or that we have been influenced here by what he said.)