0749

Richard Wesley SATTERFIELD, Respondent v. Donnie Earl BRIGHT and Ronnie Eugene Satterfield, of whom Donnie Earl Bright is Appellant.

(345 S. E. (2d) 769)

Court of Appeals

*G. Edward Welmaker* of *Acker, Acker, Floyd & Welmaker,* Pickens, *for appellant.*

*James R. Turner,* Spartanburg, *for respondent.*

Heard May 26, 1986.

Decided July 7, 1986.

GOOLSBY, Judge:

This is an automobile wreck case. Donnie Earl Bright appeals from the direction of a verdict in favor of the respondent Richard Wesley Satterfield on the issue of liability. The dispositive issue concerns whether there is any evidence from which the jury could have inferred that Bright's negligence was not the proximate cause of Satterfield's injuries. We reverse and remand for a new trial.

Satterfield brought this action against Bright because of the injuries he received as a result of a collision involving the Ford Bronco driven by his brother Ronnie Eugene Satterfield and the International Scout operated by Bright. Satterfield rode as a passenger in his brother's vehicle. Bright's Scout struck the Bronco in the rear.

Satterfield sued both his brother and Bright. The latter denied the complaint's allegations of negligence, recklessness, and wantonness and claimed the proximate cause of the collision was either the sole negligence, recklessness, and wantonness of Satterfield's brother in his operation of the Bronco or Satterfield's contributory negligence, recklessness, wantonness, and willfulness.

The trial judge ruled that "the only reasonable inference to be drawn from the testimony is that the accident was ... proximately caused by the negligent operation of the vehicle operated by ... Bright." He deemed the "legal cause of the accident" to be Bright's "failure to apprehend the situation ahead of him [and to] apply his brakes in time to stop."

In deciding a motion for a directed verdict, the evidence and all reasonable inferences that can be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *Olin Mathieson Chemical Corp. v. Planters Corp.*, 236 S. C. 318, 114 S. E. (2d) 321 (1960). If more than one reasonable inference can be drawn from the evidence, the case should be submitted to the jury. *Scott v. Meek*, 230 S. C. 310, 95 S. E. (2d) 619 (1956). As to the question of proximate cause in particular, this question, like the questions of negligence and contributory negligence, is ordinarily a question of fact for the jury. *Davenport v. Walker*, 280 S. C. 588, 313 S. E. (2d) 354 (Ct. App. 1984). The question should be submitted to the jury if there may be a fair difference of opinion regarding whose act or acts produced or contributed as a direct and proximate cause to the injury complained of. *Wilson v. Marshall*, 260 S. C. 271, 195 S. E. (2d) 610 (1973).

When the evidence here and all its reasonable inferences are viewed in the light most favorable to Bright, a fair difference of opinion concerning the issue of proximate cause may readily be had.

Viewed in the light most favorable to Bright, the evidence and its reasonable inferences show that on the evening of May 19, 1983, Bright met the Satterfield brothers at Squirrel's, a beer joint near Westminster, South Carolina, at around 10:00 p.m. Bright bought them each a couple of beers. Bright and the Satterfields, along with Tony Ramey, left Squirrel's sometime between 11:00 and 11:30 to engage in a

pulling contest between Bright's Scout and Ronnie Satterfield's Bronco. Both Satterfields and Bright were intoxicated.

The four went onto a paved road near Squirrel's. Satterfield and Ramey chained the two trucks together. The contest never got under way because the vehicles could not get an even start and the chain kept breaking. Ramey then suggested they attempt the contest elsewhere in either sand or mud. He recommended they go to the lake off Jenkins Bridge Road several miles away. Everyone agreed to move the contest there.

Bright, with Ramey riding as his passenger, left first; however, the Satterfields, with Ronnie Satterfield driving, passed Bright's vehicle almost immediately. Bright and Ramey soon caught up with the Satterfields and passed them. Ronnie Satterfield quickly overtook Bright's truck and, using the shoulder of the highway, passed it on the right.

The Bronco's backup lights remained on and their brightness obscured its taillights thus hiding the Bronco's brake and turn signal lights.

After cresting a hill, Ronnie Satterfield at a fast rate of speed ran past the dirt road commonly taken as a shortcut by persons to the highway onto which Ronnie Satterfield and Bright were to turn to go to Jenkins Bridge Road. Both Bright and Ramey immediately concluded that the Satterfields had decided not to go to the lake after all and would continue going straight ahead and not turn off.

Ronnie Satterfield then drove past the intersection where the highway he and Bright would have used to go to Jenkins Bridge Road intersects in an inverted "V" configuration with the highway they were then on. Just as he did so, however, he suddenly stopped.

Bright braked and attempted to avoid hitting the Bronco by trying to go between it and the bank on the right side of the highway; nevertheless, Bright's Scout slammed into the Bronco's right rear corner.

Because Bright never discerned any brake lights nor any turn signal on the Bronco and saw only its backup lights, a reasonable inference is that Ronnie Satterfield, the driver of the Bronco, either gave no stop and turn

signals at all or gave stop and turn signals that were inappropriate under the particular circumstances. *See* S. C. Code of Laws § 56-5-2150 (1976) (Cum. Supp. 1985) (driver of vehicle required to give "an appropriate signal" before either turning or, "when there is opportunity," stopping); *Oliver v. Blakeney*, 244 S. C. 565, 137 S. E. (2d) 772 (1964) (the driver of a leading vehicle must give an adequate warning or a signal of his intention to turn or to stop); 60A C. J. S. *Motor Vehicles* § 301b at 248 (1969) (circumstances under which a stop signal was given may determine whether the particular signal was either reasonable or adequate).

This case, we hold, should have been submitted to the jury on the issue of whether Bright's negligence was a proximate cause of the accident and of Satterfield's ensuing injuries. *See* 3 BLASHFIELD AUTOMOBILE LAW AND PRACTICE § 115.4 at 304 (1965) (whether the failure to stop a motor vehicle so as to avoid running into a vehicle ahead was negligence is ordinarily a jury question); *Id.* § 116.4 at 331-33 (the question of negligence in stopping a vehicle unexpectedly on the highway, particularly where no signal is given, and whether such act proximately caused the damage complained of is usually a question of fact for the jury to determine); 61 C. J. S. *Motor Vehicles* § 526(22) at 904-05 (1970) (where different inferences reasonably may be drawn from the evidence, it is for the fact finder to determine whether, in a collision involving a leading and a following vehicle, the driver of the leading vehicle was negligent in causing injury to a person); *cf. Oliver v. Blakeney, supra* (trial judge properly submitted to the jury the question of whether driver of the following vehicle was guilty of contributory recklessness where driver of the leading vehicle, without prior warning, stopped suddenly on the traveled portion of highway, there was no emergency necessitating the sudden stop, and no circumstances to indicate other than that the leading vehicle would continue along the highway as it had for the preceding one half mile).

Bright also appeals a ruling of the trial judge regarding the admission of certain evidence reflecting upon Bright's sobriety. He objected to the introduction of evidence that a machine malfunction prevented the investigating officers

from administering a breathalyzer test to him and that he was not charged with driving under the influence.

Assuming the trial judge erred in admitting this evidence, we fail to see how it prejudiced Bright. He admitted to having consumed either four or five beers after he got to Squirrel's at 8:00 or 8:30 that evening and to having drunk three beers earlier. Satterfield and Bright's own witness, Ramey, testified that Bright appeared "pretty well lit" and Ronnie Satterfield testified Bright was "pretty lit." Indeed, Bright did not deny being drunk. He simply denied being "too drunk to drive." At most, the evidence was cumulative and, as such, affords no basis for reversal. *See Gasque v. Heublein, Inc.*, 281 S. C. 278, 315 S. E. (2d) 556 (Ct. App. 1984) (reversal is not warranted where evidence erroneously admitted is merely cumulative).

Accordingly, the judgment appealed from is reversed and the case is remanded for a new trial.

Reversed and remanded.

GARDNER and CURETON, JJ., concur.