0917

CHAMBERS OF SOUTH CAROLINA, INC., Appellant v.
ENTREPRENEUR, INC., Respondent.

(354 S. E. (2d) 921)

Court of Appeals

*Kellum W. Allen,* of *Kirkland, Taylor, Wilson, Moore, Allen & Deneen,* West Columbia, *for appellant.*

*Ronald E. Boston,* of *Turner, Padget, Graham & Laney,* Columbia, *for respondent.*

Heard Feb. 23, 1987.

Decided March 30, 1987.

SANDERS, Chief Judge:

Appellant Chambers of South Carolina, Inc. sued respondent Entrepreneur, Inc. alleging the breach of a contract which provided for Chambers to collect garbage from certain convenience stores operated by Entrepreneur in Horry County. The trial judge directed a verdict for Entrepreneur. Chambers appeals. We reverse and remand.

"In deciding a motion for a directed verdict, the evidence

and all reasonable inferences that can be drawn therefrom must be viewed in the light most favorable to the party opposing the motion." *Satterfield v. Bright*, 289 S. C. 254, 256, 345 S. E. (2d) 769, 770 (Ct. App. 1986).

Viewed in the light most favorable to Chambers, the evidence in this case may be fairly summarized as follows.

Chambers is in the business of collecting and disposing of garbage. In the fall of 1984, the company was attempting to build up its business in Horry County. To that end, Steven M. Williams was hired as a sales representative to solicit business for the company.

During the course of his solicitations, Mr. Williams called on a number of convenience stores operated by Entrepreneur throughout Horry County under the name of "Scotchman." Mr. Williams had no previous dealings with Scotchman stores or Entrepreneur. After inquiry at several of the stores, he learned that their central office was located at the rear of a Scotchman store in Socastee and that Steve Church was the district manager. Mr. Williams then met with Mr. Church at the Socastee store and they began negotiations for Chambers to provide garbage services for the stores.

On September 15, 1984, a document was signed which purported to be a contract by the terms of which the parties agreed that Chambers would provide garbage services over the course of the next three years at a Scotchman store operated by Entrepreneur in Aynor. Two months later, Mr. Church expressed satisfaction with the services being provided by Chambers at the Aynor store and a desire to enter into contracts for garbage services at other Scotchman stores.

On November 12, 1984, additional documents were signed purporting to be contracts for Chambers to provide similar services during the next three years at ten other Scotchman stores operated by Entrepreneur.

The price specified by the contracts for providing the services to each of the eleven stores averaged $119 monthly.

Mr. Church told Mr. Williams that he had the authority to enter into the purported contracts for Entrepreneur and that he had authorized his secretary, Kaye Campbell, to sign them in his absence. All of the purported contracts were signed for Entrepreneur by Ms. Campbell, in the absence of

Mr. Church. She had previously provided Mr. Williams with information as to the volume of business done at each store and participated in discussions between Mr. Church and Mr. Williams as to the price of the proposed garbage services, the size of the containers needed and the frequency of the garbage pickup.

William Girard, a vice-president for Entrepreneur, testified that neither Mr. Church nor Ms. Campbell had the authority to enter into these contracts and that no employee or officer of Chambers checked with the home office of Entrepreneur to determine whether they had this authority.

It is undisputed that Chambers collected garbage from containers which it supplied at the Aynor store from September 1984 until March 1985 and collected garbage from the containers which it supplied at the other ten stores from December 1984 through March 1985. Entrepreneur admits that the containers provided by Chambers were used by Scotchman employees and that Entrepreneur paid Chambers for the services which it rendered during these periods.

During the entire period that Chambers was providing services to the Scotchman stores, Entrepreneur also had binding contracts for garbage services with Coastal Disposal Service for ten of the eleven stores serviced by Chambers. The Coastal contracts were executed in July 1982 by an official in the Wilmington home office of Entrepreneur. After November 1984, ten of the Scotchman stores each had two containers, one serviced by Coastal and one serviced by Chambers.

Mr. Girard testified that in January 1985 he discovered Entrepreneur was paying both Chambers and Coastal for garbage services at the ten Scotchman stores in Horry County. William Burton testified that he investigated the matter for Entrepreneur after replacing Mr. Church in February 1985 and learned of the purported contracts with Chambers from Mr. Williams. Mr. Burton further testified that he told Mr. Williams that the contracts were executed without authority and that Entrepreneur did not consider them to be valid. Entrepreneur thereafter refused to make any more payments pursuant to the purported contracts. This action by Chambers seeking to recover damages followed.

At the conclusion of the evidence, the trial judge granted the motion of Entrepreneur for a directed verdict, apparently on the ground that neither Mr. Church nor Ms. Campbell had the authority to enter into the contracts with Chambers on behalf of Entrepreneur.

The dispositive issue presented on appeal is whether there is a jury issue as to the apparent authority of Mr. Church and Ms. Campbell to enter into the contracts for Entrepreneur.

Chambers did not specifically plead the doctrine of apparent authority as a basis for recovery. However, this doctrine is available to a party under a general allegation of agency and need not be specifically pleaded. *See Walker v. Peake,* 153 S. C. 257, 150 S. E. 756 (1929) (agency by estoppel need not be pleaded).

"The doctrine of apparent authority provides that the principal is bound by the acts of its agent when it has placed the agent in such a position that persons of ordinary prudence, reasonably knowledgeable with business usages and customs, are led to believe the agent has certain authority and they in turn deal with the agent based on that assumption." *Fernander v. Thigpen,* 278 S. C. 140, 143, 293 S. E. (2d) 424, 426 (1982).

We hold that there is a jury issue under the evidence in the instant case. Mr. Church was employed by Entrepreneur in a managerial capacity. In response to the inquiries by Mr. Williams at a number of Scotchman stores, he was informed that Mr. Church was the manager over the stores. Mr. Church had his office adjoining a Scotchman store. Mr. Church told Mr. Williams that he had authority to enter into the contracts. Mr. Church also told Mr. Williams that he had authorized Ms. Campbell to sign the contracts in his absence. The services contracted for were basic and necessary. Based on this evidence, the jury could have found that Entrepreneur placed Mr. Church in such a position that Mr. Williams, as a person of ordinary prudence, reasonably knowledgeable with business usages and customs, was led to believe that Mr. Church had the authority to enter into the contracts and dealt with him based on that assumption.

For these reasons, the decision of the trial judge to direct

a verdict for Entrepreneur is reversed and the case is remanded for a new trial.

Reversed and remanded.

CURETON and GOOLSBY, JJ., concur.