480 S.E.2d 455

**James R. PYE, II, Respondent,**

**v.**

**Ronald Elton AYCOCK, Appellant.**

**No. 2610.**

Court of Appeals of South Carolina.

Submitted Dec. 3, 1996.

Decided Jan. 13, 1997.

428

Edward K. Pritchard, Jr., Charleston, for appellant.

Gary L. Cartee, North Charleston, for respondent.

ANDERSON, Judge:

James R. Pye, II (Pye), filed this action against Ronald Elton Aycock (Aycock) seeking damages for injuries incurred when Aycock struck Pye in the face with a metal pipe. The

trial court granted Pye's motion for summary judgment on the issue of liability. We affirm.[1]

## FACTS/PROCEDURAL BACKGROUND

Around 2:00 a.m. on April 20, 1991, Aycock, accompanied by Kevin Coogan, arrived home from his job at the Charleston Naval Base. At that time, he discovered numerous people standing in and around his front yard. Although the parties present starkly different versions of the facts, it is undisputed that Aycock deliberately struck Pye in the face with a metal pipe.[2]

On November 16, 1992, Pye filed his complaint alleging, among other things, Aycock was negligent, reckless, willful, and wanton in his actions. Aycock, by and through counsel retained by State Farm Fire and Casualty Company (State Farm), his homeowner's insurance carrier, answered with a qualified general denial. He also asserted the following affirmative defenses: sole negligence, contributory negligence, sudden emergency, self defense, and the unconstitutionality of the imposition of punitive damages.

On December 30, 1992, State Farm filed a declaratory judgment action in federal court and named both Pye and Aycock as defendants. State Farm sought a declaration as to whether Aycock was excluded from coverage and not entitled to a defense under the intentional acts exclusion of his policy. Aycock answered on February 2, 1993, asserting a general denial.

In the declaratory judgment action, the jury returned a verdict for State Farm and concluded Aycock was not entitled to coverage nor a defense under his homeowner's policy. Aycock moved for a new trial in the federal action. This motion was denied.

---

1. Because oral argument would not aid the Court in resolving the issues, we decide this case without oral argument.

2. In connection with this incident, Aycock was charged with assault and battery of a high and aggravated nature and disorderly conduct. Although the ABHAN charge was dismissed, Aycock was tried in magistrate's court on September 7, 1994, for the disorderly conduct charge. The magistrate directed a verdict in Aycock's favor.

In the case at bar, Pye filed a motion for partial summary judgment as to the issues of willfulness, wantonness, any affirmative defense, and liability on the grounds of collateral estoppel or *res judicata* in that the same facts were raised and resolved by jury verdict in the declaratory judgment action. The trial court granted summary judgment on the basis of *res judicata* as to liability and ordered a trial on the issue of damages. Aycock appeals from this ruling.

## ISSUES

I.   Did the trial court err in finding Aycock was barred by the doctrine of *res judicata* from litigating the issue of liability in the state court action after the issue had been decided by a federal court jury in response to special interrogatories?

II.   Did the trial court err in failing to find that special circumstances bar application of the doctrine of collateral estoppel?

## STANDARD OF REVIEW

Summary judgment is appropriate when it is clear there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *City of Columbia v. American Civil Liberties Union*, 323 S.C. 384, 475 S.E.2d 747 (1996). *See* Rule 56, SCRCP. In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *City of Columbia, supra.* Summary judgment is proper where plain, palpable, and indisputable facts exist on which reasonable minds cannot differ. *Byerly v. Connor*, 307 S.C. 441, 415 S.E.2d 796 (1992). Summary judgment is not appropriate, however, where further inquiry into the facts of the case is desirable to clarify application of the law. *Baugus v. Wessinger*, 303 S.C. 412, 401 S.E.2d 169 (1991). It should not be granted even where there is no dispute as to evidentiary facts if there is dispute as to the conclusion to be drawn from such facts. *Id.*

## RES JUDICATA

Aycock argues the trial court erred in applying the doctrine of *res judicata* to bar him from litigating the issue of liability in the state court action. He contends the issue had not been litigated in the federal court action and that the state and federal claims are separate and distinct.

## LAW/ANALYSIS

To establish *res judicata*, three elements must be shown: (1) the identities of the parties is the same as a prior litigation; (2) the subject matter is the same as the prior litigation; and (3) there was a prior adjudication of the issue by a court of competent jurisdiction. *Johnson v. Greenwood Mills, Inc.*, 317 S.C. 248, 452 S.E.2d 832 (1994). It is apodictic that the doctrine of *res judicata* has been elongated to include "privies." A pristine statement of the doctrine of *res judicata* is stated in *Nunnery v. Brantley Constr. Co.*, 289 S.C. 205, 345 S.E.2d 740 (Ct.App.1986). In *Nunnery,* this Court explicated the doctrine with certitude:

Our Supreme Court in *Bagwell v. Hinton,* 205 S.C. 377, 400, 32 S.E.2d 147, 156 (1944), held that the following elements must be shown in order to establish the plea of *res judicata:*

(1) The parties must be the same or their privies; (2) the subject matter must be the same; and (3) while generally the precise point must be ruled, yet where the parties are the same or are in privity the judgment is an absolute bar not only of what was decided but of what might have been decided.

*Nunnery,* 289 S.C. at 209, 345 S.E.2d at 742–43. The doctrine of *res judicata* bars a litigant from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit. *Hilton Head Ctr. v. Public Serv. Comm'n,* 294 S.C. 9, 362 S.E.2d 176 (1987). *See also Johnson, supra (res judicata* bars subsequent action by same parties on same issues). *"Res judicata* also bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties." *Riedman Corp. v.*

*Greenville Steel Structures, Inc.,* 308 S.C. 467, 469, 419 S.E.2d 217, 218 (1992).

■ Additionally, "[f]or a judgment to bar the maintenance of a subsequent action, there must be identity of the cause of action as well as identity of the subject matter." *Nunnery,* 289 S.C. at 209, 345 S.E.2d at 743. If it is doubtful whether a second action is for the same cause of action as the first, the test generally applied is to consider the identity of facts essential to their maintenance, or whether the same evidence would sustain both. *Griggs v. Griggs,* 214 S.C. 177, 51 S.E.2d 622 (1949). When applying principles of *res judicata,* a fundamental test used for comparing causes of action is to determine whether the primary right and duty and the delict or wrong are the same in each action. *Nunnery, supra.* " 'Under this test, there is but one cause of action where there is but one right in the plaintiff and one wrong on the part of the defendant involving that right.' " *Id.* at 210, 345 S.E.2d at 743 (quoting 46 AM.JUR.2D *Judgments* § 406 at 575 (1969)).

■ The "subject matter of the action," within the *res judicata* rule, is a matter or thing concerning which a wrong has been done, which is ordinarily property, contract, or other thing involved, or main primary right from the breach of which a remedial right arises. *First Nat'l Bank of Greenville v. United States Fidelity & Guar. Co.,* 207 S.C. 15, 35 S.E.2d 47 (1945).

■ In a subsequent suit between the same parties on a different claim, the former judgment is conclusive as to those issues actually determined in the prior action. *Surety Realty Corp. v. Asmer,* 249 S.C. 114, 153 S.E.2d 125 (1967). A plea of *res judicata* applies to those matters actually adjudicated in the former action. *Id.*

## DISCUSSION

■ In response to special interrogatories, the jury in the declaratory judgment action found:

> 1. Did Plaintiff State Farm Fire and Casualty Company prove, by a preponderance of the evidence, that the incident on April 20, 1991, when James Pye was injured, was not an occurrence, which is defined by the State Farm Fire and Casualty policy as "an accident which results in bodily injury?"

YES __x [3]__     NO _____

2. Did Plaintiff State Farm Fire and Casualty Company prove, by a preponderance of the evidence, that Ronald Aycock both intentionally acted in striking James Pye and also intended that the blow cause the type of loss or injury which resulted to James Pye?

YES __x__     NO _____

3. Did Plaintiff State Farm Fire and Casualty Company prove, by a preponderance of the evidence, that James Pye's bodily injuries resulted from willful and malicious acts of Ronald Aycock?

YES __x__     NO _____

4. Did Defendant Ronald Aycock prove, by a preponderance of the evidence, that his actions constituted self-defense?

YES _____     NO __x__

5. Was Defendant Ronald Aycock so intoxicated as to be unable to know, understand and intend the act and harm?

YES _____     NO __x__

Here, the parties to this action were both parties to the federal litigation. State Farm named both Pye and Aycock as defendants.

In the federal action, State Farm sought a determination as to whether Aycock was entitled to coverage under his homeowner's policy. In the case at bar, Pye sues Aycock under an intentional tort theory, i.e., civil assault and battery. Even though the federal action is in the form of a declaratory judgment proceeding and the state action is under the ambit of intentional tort litigation, the subject matter is the same in both actions.

The facts at issue in this case are identical to the facts at issue in the declaratory judgment action. It is undisputed Aycock struck Pye in the face with a metal pipe. The

---

3. The original verdict form has "checkmarks" rather than "x's" to indicate the jury's verdict.

determinative factual issue in each case is the same: Did Aycock strike Pye, who was not threatening him, willfully injuring him; or did Aycock strike Pye in self defense? This question of fact was determined by the jury in the federal action. Because a valid and final jury verdict has already determined that Aycock willfully and maliciously struck Pye with a pipe and that Aycock was not acting in self defense, there are no genuine issues of material fact remaining on the issue of liability. The jury necessarily found Pye did not assault Aycock in finding Aycock did not act in self defense. The subject matter of both claims concerns one primary right held by Pye and one wrong committed by Aycock in breach of that primary right. *See Nunnery v. Brantley Constr. Co.*, 289 S.C. 205, 345 S.E.2d 740 (Ct.App.1986).

Finally, there was a prior adjudication of this issue by a court of competent jurisdiction. The jury in the federal action returned a verdict in favor of State Farm.

We hold the trial court did not err in finding *res judicata* applicable. As a result, the court properly granted summary judgment to Pye as to the issue of liability.

## *COLLATERAL ESTOPPEL*
### LAW/ANALYSIS

In *Beall v. Doe*, 281 S.C. 363, 315 S.E.2d 186 (Ct.App. 1984), this Court explained the distinctions between *res judicata* and collateral estoppel:

The doctrines of *res judicata* and collateral estoppel are, of course, two different concepts. A final judgment on the merits in a prior action will conclude the parties and their privies under the doctrine of *res judicata* in a second action based on the same claim as to issues actually litigated and as to issues which might have been litigated in the first action. Under the doctrine of collateral estoppel, on the other hand, the second action is based upon a different claim and the judgment in the first action precludes relitigation of only those issues "actually and necessarily litigated and determined in the first suit."

*Beall*, 281 S.C. at 369 n. 1, 315 S.E.2d at 189 n. 1. This Court further held:

In order, however, to assert collateral estoppel successfully, the party seeking issue preclusion still must show that the issue was actually litigated and directly determined in the prior action and that the matter or fact directly in issue was necessary to support the first judgment.

*Beall,* 281 S.C. at 371, 315 S.E.2d at 191. *See also St. Philip's Episcopal Church v. South Carolina Alcoholic Beverage Control Comm'n,* 285 S.C. 335, 338, 329 S.E.2d 454, 456 (Ct.App. 1985) ("[W]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.")

■■■ Factors to consider in determining the defense of collateral estoppel, notwithstanding a lack of privity, include "whether the doctrine is used offensively or defensively, and whether the party adversely affected had a full and fair opportunity to litigate the relevant issue effectively in the prior action." *Graham v. State Farm Fire & Cas. Ins. Co.,* 277 S.C. 389, 390–91, 287 S.E.2d 495, 496 (1982). *See also South Carolina Property & Cas. Ins. Guar. Ass'n v. Wal–Mart Stores, Inc.,* 304 S.C. 210, 403 S.E.2d 625 (1991) (collateral estoppel occurs when party in second action seeks to preclude party from relitigating issue decided in previous action; nonmutual collateral estoppel may be asserted unless party precluded lacked full and fair opportunity to litigate issue in first action or other circumstances justify affording him opportunity to relitigate issue).

■■■ *Res judicata* bars relitigation of the same cause of action while collateral estoppel bars relitigation of the same facts or issues necessarily determined in the former proceeding. *Liberty Mut. Ins. Co. v. Employers Ins. of Wausau,* 284 S.C. 234, 325 S.E.2d 566 (Ct.App.1985). "Under the doctrine of collateral estoppel, when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Carman v. South Carolina Alcoholic Beverage Control Comm'n,* 317 S.C. 1, 6, 451 S.E.2d 383, 386 (1994).

Here, because the factual issues were the same in both actions, and Aycock's liability was conclusively determined in the declaratory judgment action, the result would be the same under the doctrine of collateral estoppel.

## SPECIAL CIRCUMSTANCES

■ Aycock alleges the trial court erred in failing to find Aycock lacked a full and fair opportunity to litigate the issue of liability in the declaratory judgment action, in failing to find fundamental fairness militates allowance of the opportunity to litigate in state court the issue of liability, and in failing to find the existence of prior inconsistent verdicts in separate actions precludes the denial of the opportunity for Aycock to litigate the issue of liability in the state action.

The RESTATEMENT (SECOND) OF JUDGMENTS § 28 (1982) enumerates five exceptions to the general rule of issue preclusion:

Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:

(1) The party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action; or

(2) The issue is one of law and (a) the two actions involve claims that are substantially unrelated, or (b) a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws; or

(3) A new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them; or

(4) The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action; or

(5) There is a clear and convincing need for a new determination of the issue (a) because of the potential adverse impact of the determination on the public interest or the interests of persons not themselves parties in the initial action, (b) because it was not sufficiently foreseeable at the time of the initial action that the issue would arise in the context of a subsequent action, or (c) because the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action.

Aycock specifically argues the following issues: (1) contributory negligence was not previously litigated; (2) prior counsel conducted an inadequate investigation and defense; (3) there were shifting burdens of proof and the possibility of inconsistent verdicts; (4) the decision of the trial court was not discretionary; (5) the circumstances did not warrant issue and claim preclusion; and (6) there was a clear and convincing need for a new determination.

## CONTRIBUTORY NEGLIGENCE

■■■  Aycock contends contributory negligence, which Aycock pled as an affirmative defense, was not litigated in the federal action. However, "simple contributory negligence [does] not constitute a defense to reckless or wilful conduct." *Oliver by Oliver v. Blakeney*, 244 S.C. 565, 569, 137 S.E.2d 772, 774 (1964). In *Wilson v. Duke Power Co.*, 273 S.C. 610, 258 S.E.2d 101 (1979), our Supreme Court held:

> The contention that Wilson should be barred from recovery by reason of contributory negligence is without merit. The jury having found that Byars was reckless, contributory negligence is not a defense. *Lawless v. Fraser*, 244 S.C. 501, 137 S.E.2d 591 (1964).

*Wilson*, 273 S.C. at 616, 258 S.E.2d at 104.

In the declaratory judgment action, the jury found Pye's injuries resulted from Aycock's willful and malicious acts. Thus, contributory negligence was not available to Aycock as a defense to his conduct.

## INADEQUATE INVESTIGATION

Aycock claims he was not afforded a full and fair opportunity to litigate in the federal action due to inadequate investigation and inadequate defense by prior counsel regarding identification of additional witnesses and evidence. Yet, Aycock presented no affidavits or depositions to the trial court regarding the purported testimony of the alleged additional witnesses. Further, prior to the federal action, both parties had a substantial amount of time to prepare for trial and conduct extensive discovery. Both cases had been on the docket for well over a year prior to the federal action.

Moreover, Aycock chose to forego important procedures in the federal action. He made no Rule 59 motion and did not appeal from the jury verdict. Aycock's Rule 60(b)(2) motion for a new trial was denied without comment by the federal court. He further made no motion to reconsider, no request for a detailed order, and no appeal from the federal court's order denying the Rule 60(b)(2) motion.

## SHIFTING BURDENS OF PROOF

Aycock posits the burden of persuasion or shifting burdens of proof as enunciated in RESTATEMENT (SECOND) OF JUDGMENTS § 28(4) as a justification for relitigation of liability. We analyze this issue in a bifurcated fashion: (1) disposition of the criminal charges as juxtaposed to the civil litigation and (2) shifting of the burden of proof in regard to the negligence of Pye. As to the first prong, Aycock avers the court erred in granting Pye's motion in the face of inconsistent verdicts: a verdict for State Farm in the declaratory judgment action as opposed to a directed verdict for Aycock as to the disorderly conduct charge. The directed verdict in the criminal case is not contrary to the jury verdict in the federal action. The time and facts of each are different. The disorderly conduct was alleged to have occurred after the police arrived and in their presence. Pye was struck before the police arrived. Whether Aycock was disorderly in his conduct with the police after he struck Pye is not material to the finding that before the police arrived Aycock maliciously and willfully struck Pye.

Furthermore, the procedural context for the disorderly conduct charge was also quite different. First, Pye was not a

party to the criminal proceeding. Second, the burden of proof on the disorderly conduct charge was beyond a reasonable doubt, as opposed to preponderance of the evidence in the declaratory judgment action. Finally, the Solicitor's decision not to move forward with the prosecution of the assault and battery of a high and aggravated nature charge is not dispositive. The Solicitor, at his discretion, may later bring the charges.

As to the second prong, in contrariety to the argument of Aycock that the burden of proof would have been significantly higher in the federal action than it would be in the state action in connection with the negligence of Pye, we conclude the argument is not valid. The burden of proof on the issue of Pye's negligence is identical in the federal action and the state action. The facts of the instant case do not militate against precluding Aycock from litigating the issue of liability in the state action.

## DISCRETION OR NECESSITY

Aycock maintains certain relevant and material facts made the denial of Pye's summary judgment motion one of necessity, as opposed to one of discretion. This argument by Aycock is not supported by the law or the facts of this case.

## RESTATEMENT (SECOND) OF JUDGMENTS
### § 29 CMT. J (1982)

Aycock cites RESTATEMENT (SECOND) OF JUDGMENTS § 29 cmt. j (1982) as a reason for warranting denial of issue or claim preclusion. Section 29 discusses when collateral estoppel may be used by a person who was *not* a party in the first action. In the case at bar, Aycock was a party in the first action. Concomitantly, § 29 is inapposite.

## NO MANDATE FOR NEW DETERMINATION

In totality, in reviewing the entire record and all issues raised by Aycock, there is no "clear and convincing need for a new determination." In fact, the record reveals that a new trial on the issue of liability would fly in the face of the doctrines of *res judicata* and collateral estoppel. This is the

paradigmatic record that cries out for the application of these doctrines as a matter of equity and policy.

Because no special circumstances are present, we find the trial court did not abuse its discretion in refusing to make a finding of special circumstances sufficient to bar application of the doctrine of collateral estoppel. Aycock had a full and fair opportunity to litigate the liability issue effectively in the federal action.

## CONCLUSION

The trial court did not err in finding Aycock was barred by the doctrine of *res judicata* from litigating the issue of liability in the state court action. Moreover, the doctrine of collateral estoppel precludes Aycock from relitigating any issues in the instant action. Accordingly, the trial court's order granting summary judgment as to liability is

**AFFIRMED.**

CURETON and GOOLSBY, JJ., concur.