1699

Donald McMILLAN, Appellant v. MIDLANDS HUMAN RESOURCES, and South Carolina Insurance Company, Respondents.

(409 S.E. (2d) 443)

Court of Appeals

*J. Marvin Mullis, Jr.,* and *David F. Butler,* Columbia, *for appellant.*

*Weldon R. Johnson* and *R. Lewis Johnson,* both of *Barnes, Alford, Stork & Johnson,* Columbia, *for respondents.*

Heard June 4, 1991.

Decided Sept. 23, 1991.

SHAW, Judge:

This is a workers' compensation case in which the single commissioner dismissed the claim of appellant, Donald McMillan, for failure to prosecute. The full commission and the circuit court affirmed. We also affirm.

The only issue on appeal is whether the respondents' employer/carrier had the right to petition for a hearing when the claimant was not ready to proceed with his claim.

The facts of this case are virtually undisputed. On August 15, 1985, McMillan filed a claim with the South Carolina Workers' Compensation Commission for an accidental injury to his

right foot. On August 24, 1986, the employer/carrier filed a Form 51 requesting a hearing on the merits. The Commission responded to this request on October 14, 1986 advising that a petition was the appropriate method to obtain a hearing. On January 5, 1988, the employer/carrier filed a petition requesting a hearing and, pursuant to a notice dated April 5, 1988, a hearing was scheduled before the single commissioner on May 10, 1988.

On May 3, 1988, McMillan's attorney wrote the single commissioner requesting a postponement because he was unable to locate McMillan. The commissioner granted the continuance. On July 6, 1988, the employer/carrier requested the postponed hearing be rescheduled. Following notice, the hearing was rescheduled for October 12, 1988. On that date, counsel for the parties appeared and McMillan's attorney again stated he was unable to locate his client. The employer/carrier moved to dismiss the claim with prejudice for failure to prosecute. The single commissioner ordered the claim be dismissed for failure to prosecute finding:

1. Under S.C. Code Ann. § 42-17-20 (1976), either party may apply to the Commission for a hearing in regard to the matters at issue and for a ruling thereon and, it follows that both sides to a dispute have a right to a hearing;

2. McMillan's claim had been filed for more than three years and the purpose of the filing requirement is to protect employers and their insurance carriers against long delayed demands, and;

3. A claimant must prosecute his claim in a timely fashion or it may be barred by the doctrine of laches.

McMillan does not appeal any factual findings. Nor does he dispute the Commission's authority to dismiss a claim for failure to prosecute. Rather, he contends that § 42-17-20 applies only where the employer/carrier is paying or has offered to pay the claimant benefits. We disagree.

§ 42-17-20 provides in pertinent part:

If the employer and the injured employee . . . fail to reach an agreement in regard to compensation under this Title within fourteen days after the employer has knowledge of

the injury . . . *or* if they have reached such an agreement which has been signed and filed with the Commission and compensation has been paid or is due . . . and the parties thereto then disagree as to the continuance of any weekly payment under such agreement, *either party* may make application to the Commission for a hearing in regard to the matters at issue and for a ruling thereon.

(emphasis added).

We first note that while the record reveals the employer/carrier paid medical benefits of "a hundred and some odd dollars," there is no indication that the parties reached an agreement that was signed and filed with the Commission. However, the statute still allows for either party to make application for a hearing where the employer and employee have failed to reach an agreement for compensation within fourteen days of knowledge of the injury by the employer. Clearly, the employer has had knowledge of the injury well in excess of fourteen days and the parties have failed to reach an agreement for compensation. Therefore the employer/carrier had the right to petition for a hearing under Code § 42-17-20.

Affirmed.

BELL, J., concurs.

GARDNER, J., dissents in separate opinion.

GARDNER, Judge (dissenting):

I respectfully dissent. During oral argument the employer conceded that no effort had been made to settle the case. I am convinced that Section 42-17-20 requires that the movant under this statute shall have made an attempt to settle the case. If the Legislature had not intended that the parties make an effort to settle the case, it would have simply provided that fourteen days after the employer has knowledge of an accident, either party may apply for a hearing. Instead the Legislature elected to require the parties to make an attempt to settle the case by using the words "fail to reach" which are tantamount to saying "fail in their attempt to agree." Since the employer admits that it made no effort to settle the case, I

would hold that the appealed order should be reversed and the case remanded with direction that the parties attempt to negotiate an agreement to settle as a prerequisite for the application of Section 42-17-20.