1995

CISSON CONSTRUCTION, INC., Plaintiff v. REYNOLDS & ASSOCI-ATES, INC., South Carolina National Bank, The Brumley Company, Inc., Security Federal Savings & Loan Association of South Carolina, Branch Banking & Trust Company of South Carolina, and Thomas W. Campbell, Jr., Defendants, of whom Thomas W. Campbell, Jr., is Appellant, and of whom Security Federal Savings & Loan Association of South Carolina, is Respondent. Appeal of Thomas W. CAMPBELL, Jr.

(429 S.E. (2d) 847)

Court of Appeals

*G. Trenholm Walker* and *D. Kay Tennyson,* of *Wise & Cole, P.A.,* Charleston, *for appellant.*

*W.E. Applegate, III,* and *Steven J. Arsenault, Haynsworth, Marion, McKay & Guerard,* Charleston, *for respondent.*

Heard March 15, 1993.

Decided April 19, 1993.

CURETON, Judge:

Thomas W. Campbell (Campbell) appeals the master's orders entering summary judgment against him and a deficiency judgment for amounts unpaid after foreclosure. We affirm in part, reverse in part, and remand in part.

Reynolds & Associates (Reynolds) obtained a loan of $2,250,000 from Security Federal, the respondent, to build a shopping center in Charleston County. Reynolds and Campbell executed a promissory note for the loan amount on February 24, 1988. Reynolds also executed a mortgage and an assignment of leases, rents, and profits in favor of Security Federal. Although Campbell was not a party to the mortgage, he executed a continuing guaranty of payment in favor of Security Federal on February 24, 1988.

In February 1990, Reynolds and Campbell failed to make the payment then due on the note. In April 1990, Reynolds attempted to tender payment to Security Federal in an amount insufficient to bring the note current but was refused.

On April, 17 1990, Cisson Construction, the plaintiff, initiated the present action to foreclose its mechanic's lien on the property. Security Federal, one of the defendants named in

Cisson's foreclosure proceeding, cross claimed against Reynolds and Campbell to foreclose its mortgage and to obtain a deficiency judgment for any amount that would be unpaid after sale of the property. Campbell answered Cisson's complaint alleging that Cisson had failed to state a claim against him. In his answer to Security Federal's cross claim, Campbell asserted that if a deficiency judgment were awarded against him, he was entitled to a setoff because Security Federal had failed to mitigate its damages by not collecting rents from the tenants.

On April 20, 1990, Security Federal declared the note in default and gave notice to Reynolds of its decision to accelerate payment of all amounts due under the note.

On August 6, 1990, Security Federal notified the shopping center's tenants that all rents should be sent directly to it pending the appointment of a receiver. The total rent due from all tenants was approximately $20,000 per month.

On September 11, 1990, Security Federal filed a motion requesting appointment of a receiver to manage the property and collect the rents.

On October 30, 1990, Security Federal filed a motion for summary judgment, requesting that the master order sale of the property with the proceeds going to Security Federal and that the master enter a deficiency judgment if the sale proceeds were inadequate. Campbell opposed the entry of summary judgment on the question of damages.

On November 14, 1990, the master appointed a receiver. Security Federal turned over $41,000 in rents which it had collected since August to the receiver.

On January 21, 1991, the master granted Security Federal's motion for summary judgment on the note given by Reynolds and Campbell; he awarded all sums requested by Security Federal, including $74,487 in unpaid taxes for 1988 and 1989, $26,057 in unpaid taxes for 1990, and $65,189 in attorney fees.

On February 26, 1991, Security Federal bid $2,157,000 at the foreclosure sale; this bid became the final purchase price on March 28, 1991.

On May 27, 1991, the master heard both Campbell's motion to amend the master's January order for summary judgment, and Security Federal's request for calculation of a deficiency judgment. On September 10, 1991, the master entered an

order of deficiency judgment of $373,172[1] against Campbell and denied Campbell's motion to alter or amend the order for summary judgment. In this order, the master found that although Reynolds had made a tender of payment, Security Federal was justified in refusing this tender and not acting sooner to collect the rents because it did not want to jeopardize its right to declare a default, accelerate, and foreclose by Campbell's assertion of waiver.

On appeal, Campbell asserts that the master erred in 1) awarding summary judgment in the full amount requested by Security Federal because there was a genuine issue of material fact as to whether Security Federal had mitigated its damages; 2) awarding Security Federal $65,189 in attorney fees because this award was without a sufficient evidentiary base and was unreasonably high; and 3) adding past due taxes and maintenance fees to the deficiency judgment entered against Campbell where the note did not include an undertaking by Campbell to pay these expenses and where Campbell neither signed the mortgage nor had an ownership interest in the mortgaged property.

## I.

Campbell asserts that although the master correctly found that Security Federal had a duty to mitigate, the master erred in awarding summary judgment in the full amount requested by Security Federal because Security Federal's refusal of Reynolds' tender of payment in April 1990,[2] its delay in the exercise of its rights to appoint a receiver,[3] and its delay in the exercise of its right to collect rents without appointment of a receiver, were unreasonable and created an issue of material fact as to whether Security Federal had mitigated its damages. We disagree.

Summary judgment is appropriate where there is no genuine issue of material fact. Rule 56(c), SCRCP, *Hamilton v.*

---

[1] Although the master did not include $11,712 in repair and maintenance fees as a separate item in his calculation of the deficiency, he reduced Campbell's credit against the deficiency for money held by the receiver by these fees, resulting in a net credit of $128,973.

[2] After Reynolds' default, Security Federal would not accept anything less from Reynolds than full payment on the note.

[3] The total rent due for February through October 1990 was approximately $189,000.

*Miller*, 301 S.C. 45, 47, 389 S.E. ((2d)) 652, 653 (1990). The duty to mitigate losses applies to contracts. *E.g., U.S. Rubber Co. v. White Tire Co.*, 231 S.C. 84, 95, 97 S.E. (2d) 403, 409 (1956). The reasonableness of a party's actions to mitigate damages is a question of fact which cannot be decided as a matter of law when there is conflicting evidence. *McClary v. Massey Ferguson, Inc.*, 291 S.C. 506, 511, 354 S.E. (2d) 405, 408 (Ct. App. 1987).

Security Federal argues that it was justified in refusing Reynolds' tender because it did not want to jeopardize its rights to declare a default, accelerate, and foreclose through Campbell's assertion of waiver, and that the exercise of its right to collect the rents directly from the tenants and to appoint the receiver were found by the master to be reasonable and not a failure to mitigate. A mortgagee can be held to have waived his right to accelerate a note upon default by accepting payments after default. *Caulder v. Lewis*, 287 S.C. 372, 374, 338 S.E. (2d) 837, 838 (1986). Campbell argues that Security Federal was not justified in refusing the tender because both the mortgage and assignment of rents state that Security Federal's acceptance of payment would not constitute a waiver or default of the right to accelerate. Security Federal asserts that it was unnecessary for the master to determine whether a waiver defense would have been successful because under both the note and guaranty, it was within its rights to refuse payment to avoid such a claim.

Our review of the record establishes that the master erred by suggesting that Security Federal owed Campbell a duty to mitigate.[4] *See* 22 Am. Jur. (2d) *Damages* § 506 (1988) (there is no obligation to minimize avoidable damages where a party has a vested right to recover the full amount sought). Both the note and guaranty provide remedies to Security Federal at default. Under the note, Security Federal is permitted to enforce the note in its full amount against any party to the note or guaranty. Under the guaranty, Security Federal is not obligated to preserve

---

[4] At oral argument, Campbell asserted that because the master had found that Security Federal owed Campbell a duty to mitigate, this finding was the law of the case and Security Federal could not assert otherwise. Although the language of the master's finding is unclear, we conclude that he found that regardless of whether mitigation was required, Security Federal's actions had been reasonable.

the collateral given by Reynolds, to pursue or exhaust a particular remedy, or to take any action before seeking full payment of the note from Campbell.[5] We conclude that under the terms of the note and guaranty, Campbell, a sophisticated party to these agreements, is precluded from asserting that Security Federal owed him a duty to mitigate. Accordingly, any alleged delay by the bank in the exercise of its rights to appoint a receiver or to collect rents directly from the tenants, and its refusal of Reynolds' tender, are not subject to being tested for reasonableness. Testing Security Federal's actions for reasonableness would be tantamount to prescribing its remedy under the note and guaranty. This court may affirm on any basis in the record. Rule 220(c), SCACR; *Hossenlopp v. Cannon*, 285 S.C. 367, 371, 329 S.E. (2d) 438 441 (1985). Accordingly, summary judgment was appropriate because there was no duty to mitigate.

## II.

Campbell asserts that there was insufficient evidence in the record to support the master's award of attorney fees of $65,189. We agree.

Campbell argues that there was no evidence whatsoever in the record to support the master's award of attorney fees in his order of January 21, 1991, and that only later, in its affidavit of May 7, 1991, did Security Federal's counsel produce evidence in an effort to sustain this award. Regardless, Campbell describes this affidavit as insufficient because 1) it merely states that 210 hours have been expended by the attorneys and professional staff of the firm, and that additional hours would be expended on the appeal, without detailing the work done by firm attorneys on an hourly basis and without distinguishing between the work of attorneys, paralegals, and secretaries,[6] and 2) it recites that the fee represents 2% of the

---

[5] In the guaranty, Campbell agreed that:

Security Federal shall be under no obligation to preserve any collateral given by the Borrower to Security Federal or preserve the liability of any person on the Obligations, nor shall Security Federal be required to pursue or exhaust any remedy or bring suit against the Borrower, or [any other person], any collateral, or take any other action before requiring payment from [Campbell] whom may be sued separately by Security Federal [without joining or first suing any other person]. . . .

[6] Security Federal's attorneys submitted no work sheets.

amount due[7] and falls within the range for similar services in Charleston, without establishing what would be a reasonable fee for similar work in the Charleston area. Campbell asserts that although the master's final order of September 21, 1991, denying Campbell's motion to alter the judgment and awarding the deficiency judgment, contains "boilerplate" assertions about attorney's fees, it is without detailed findings to support the award, and that the master's findings in regards to attorney fees are broad recitations taken directly from the affidavit and which are unsupported by the record.

Our Supreme Court has recently spoken regarding the necessity for the trial court to make specific findings of fact when attorney fees are requested and authorized by contract[8] or statute. *Blumberg v. Nealco, Inc.*, — S.C. —, 427 S.E. (2d) 659 (1993).[9] Because the master did not make specific findings on the factors enumerated in *Collins v. Collins*, 239 S.C. 170, 179, 122 S.E. (2d) 1, 5 (1961), and because the record is otherwise insufficient, we reverse the master's award of attorney fees. On remand, the master may take additional evidence in regards to the specific factors enumerated in *Collins*,[10] and shall make specific findings of fact as required by *Blumberg*.

Our review of the record establishes that Campbell was not afforded the opportunity to contest the affidavit submitted by Security Federal's attorneys. *Clark v. Ross*, 284 S.C. 543, 571, 328 S.E. (2d) 91, 108 (Ct. App. 1985). On remand, the master shall afford Campbell this opportunity.

### III.

Campbell asserts that the master erred in adding past due taxes and maintenance fees to the deficiency judgment entered on the note because the note did not in-

---

[7] The fee represents 3% of the $2,250,000 face amount of the note and 17% of the deficiency of $375,172.

[8] Campbell is obligated under both the note and guaranty to pay Security Federal's attorney fees.

[9] Compare Parker v. South Carolina Public Service Commission, 288 S.C. 304, 307, 342 S.E. (2d) 403, 405 (1986) ("Unless this Court provides for the taking of additional evidence, no party may afford itself two bites at the apple.").

[10] These factors include: 1) the nature, extent, and difficulty of the legal services rendered; 2) the time and labor devoted to the case; 3) the professional standing of counsel; 4) the contingency of compensation; 5) the fee customarily charged in the locality for similar services; and 6) the beneficial results obtained.

clude an undertaking by Campbell to pay these expenses[11] and Campbell neither signed the mortgage[12] nor had an ownership interest in the mortgaged property. *Anderson Brothers Bank v. Adams*, 305 S.C. 25, 28, 406 S.E. (2d) 173, 175 (S.C. 1991) ("boilerplate" language in a mortgage signed by the debtor but not the guarantor does not bind the latter). We disagree.

Security Federal asserts that Campbell is liable for the taxes and maintenance fees under the terms of the continuing guaranty of payment. This guaranty provides that:

> [Campbell] unconditionally guarantees to Security Federal the prompt and full payment when due, whether by acceleration or otherwise, of any and all existing or future indebtedness and liability of every kind, nature and character of the Borrower to Security Federal, however and whenever incurred or evidenced, whether direct or indirect, absolute or contingent . . . together with all interest thereon and all attorneys' fees, costs, and expenses incurred by Security Federal in collecting any such indebtedness and liability. . . .

Campbell asserts that Security Federal is barred from asserting on appeal that Campbell is liable under the terms of the guaranty because the master granted summary judgment on the note and not the guaranty.

This assertion is without merit. Implicitly, if not explicitly, both Security Federal's motion for summary judgment and the master's order for summary judgment predicate liability against Campbell based on the note *and* guaranty agreement. Accordingly, we affirm, concluding that the taxes and maintenance fees are within the terms of the guaranty.

Accordingly, the decision of the master is

Affirmed in part, reversed in part, and remanded in part.

Goolsby, J., and Littlejohn, A.J., concur.

---

[11] The note specifies that the borrowers Reynolds and Campbell are obligated to pay $2,250,000 plus interest.

[12] The obligation to pay taxes and maintenance fees is imposed on the borrower, Reynolds, by paragraph 2 of the mortgage.