23903

CHAMBERS OF SOUTH CAROLINA, INC., Appellant v. The COUNTY COUNCIL FOR LEE COUNTY and J. Calvin Joyner, Chairman, Herman H. Felix, W. Ray Alexander, Jr., C. Arthur Beasley, Luther D. Bramlette, Ben E. Watkins and Thomas H. Woodham, as members of the County Council for Lee County, and Mid-American Waste Systems, Inc., Respondents.

(434 S.E. (2d) 279)

Supreme Court

*David L. Freeman, Bradford W. Wyche* and *J. Theodore Gentry,* of *Wyche, Burgess, Freeman & Parham, P.A.,* Greenville; and *E. Crosby Lewis* and *John J. Fantry, Jr.,* of *Belser, Lewis, Bruce & Rogers, P.A.,* Columbia, *for appellant.*

*Paul M. Fata,* Bishopville, *for respondents County Council* for *Lee County* and *J. Calvin Joyner, Chairman, Herman H. Felix, W. Ray Alexander, Jr., C. Arthur Beasley, Luther D. Bramlette, Ben E. Watkins* and *Thomas H. Woodham, as members of the County Council for Lee County.*

*Dwight F. Drake, Karen A. Crawford, James F. Rogers,* and *Stuart M. Andrews, Jr.,* of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for respondent Mid-American Waste Systems, Inc.*

Heard Apr. 6, 1993.

Decided July 12, 1993.

MOORE, Justice:

This is an action seeking to void a contract for the operation of a solid waste landfill on the ground the contract violates the South Carolina Consolidated Procurement Code.[1] The circuit court upheld the contract. We affirm.

## FACTS

In late 1986, Respondent Lee County Council (Council) through the County Administrator, Barry Hickman, began to look for a solution to Lee County's solid waster problems. The existing landfill was near capacity and in violation of several regulations of the Department of Health and Environmental Control (DHEC). Appellant (Chambers), through its representative Carl Spires, began discussing Lee County's options with Council.

In early 1987, Chambers proposed Council adopt a waste transfer system, whereby the county's waste would be transferred to a landfill outside of the county. In early 1988, Council issued a Request for Proposals (RFP) for a waste transfer

---

[1] S.C. Code Ann. § 11-35-10 (1986) et seq.

system. Chambers and three other companies submitted proposals which were all rejected.

Soon thereafter, Council looked into the possibility of a host landfill located in the county which would receive waste from inside the county free of charge and charge for waste received from outside of the county. The county would receive $1.00 for every ton of waste generated outside of the county that was deposited in the landfill. Council developed this idea with Respondent Mid-American Waste Systems, Inc. (MAWS). MAWS also offered to close the existing landfill.

On October 10, 1989, Council granted an exclusive 90-day option to MAWS during which Council could not discuss the proposal nor seek other proposals. In January, Chambers spoke with Hickman and asked for an opportunity to meet MAW's proposal. Without giving any specifications, Hickman asked Chambers to set forth its plan. Chambers proposed a host landfill but did not mention closing the existing landfill and Hickman rejected Chambers' oral proposal. In January and February 1990, Council gave the contract with MAWs the required three readings and executed it on February 9, 1990.

On March 12, 1990, Chambers notified Council of its objection to the contract. In September 1990, Chambers protested the contract through a second letter to the County. On October 12, 1990, Chambers brought this action seeking to void MAWS's contract. Both Council and Chambers moved for summary judgment. The trial judge deferred ruling on the motions until after trial. Following a nonjury trial, the trial judge denied Chambers' motion and granted Council's motion for summary judgement.

The trial judge further held if Chambers' claim had survived summary judgment, Council had satisfied the competitive bidding requirements; Council's contract with MAWS was unique and, therefore, exempt from procurement; and Chambers' claim was barred by laches. Chambers appealed.

### ISSUE
Is Chambers's claim barred by laches?

### DISCUSSION
Chambers argue the trial judge erred in ruling Council complied with or was exempt from the requirements of S.C. Code Ann. § 11-35-50 (1986) of the South Carolina

Procurement Code.[2] While we disagree with the trial judge on the merits, we are constrained to agree with his ruling Chambers' claim is barred by laches.

The contract was entered into on February 9, 1990, and on March 12, 1990, Chambers sent Council a letter protesting the award of the contract to MAWS. Chambers did not take any further action until September when it sent another letter to Council. Chambers filed this action on October 12, 1990.

Under the doctrine of laches, if a party, knowing his rights, does not seasonably assert them, but by unreasonable delay causes his adversary to incur expenses or enter into obligations or otherwise detrimentally change his position, then equity will ordinarily refuse to enforce those rights. *Rabon v. Mali*, 289 S.C. 37, 344 S.E. (2d) 608 (1986); *Mack v. Edens*, 306 S.C. 433, 412 S.E. (2d) 431 (S.C. App. 1991). The court is vested with wide discretion in determining what is an unreasonable delay. *Ham v. Flowers*, 214 S.C. 212, 51 S.E. (2d) 753 (1949).

Laches connotes not only an undue lapse of time, but also negligence and opportunity to have acted sooner. *Privette v. Garrison*, 235 S.C 119, 110 S.E. (2d) 17 (1959). Furthermore, in determining whether a party is barred by laches, the circumstances of each case should be considered, including whether the delay has worked injury, prejudice, or disadvantage to the other party. *Id.*

Chambers knew MAWS would be expending money and beginning its site approval with DHEC. Furthermore, Chambers knew time was of the essence in opening a new landfill as the existing one was nearing capacity and it typically takes two years to obtain approval from DHEC.

However meritorious Chambers's claim would have been if timely made, we hold the claim is barred by laches. *Ciletti v. City of Washington*, 140 A. (2d) 98, 392 Pa. 204 (1958). Accordingly, the order below is

Affirmed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.

---

[2] This section provides that: "All political subdivisions of the State shall adopt ordinances or procedures embodying sound principles of appropriately competitive procurement no later than July 1, 1983. . . ."