598 S.E.2d 307

Carroll D. RICHEY, Employee, Appellant,

v.

Becton DICKINSON, Employer, and Travelers Property Casualty Co., Carrier, Respondents.

No. 3823.

Court of Appeals of South Carolina.

Submitted May 12, 2004.

Decided June 14, 2004.

Billy J. Garrett, Jr. and Edward S. McCallum, III, both of Greenwood; and James B. Richardson, Jr., of Columbia, for Appellant.

Byron Putnam Roberts, of Columbia, for Respondents.

HEARN, C.J.:

Carroll D. Richey filed a workers' compensation claim against Becton Dickinson and Travelers Property Casualty Co. arising from an accident that occurred in 1987. The single commissioner dismissed Richey's claim based on the doctrine of laches. The appellate panel and the circuit court affirmed. We also affirm.[1]

---

1. We affirm this case without oral argument pursuant to Rule 215, SCACR.

## FACTS

On October 4, 1987, Richey, while working for Becton Dickinson, was involved in an accident when steam was blown onto his face. Richey filed a Form 50 with the South Carolina Workers' Compensation Commission on November 23, 1988, alleging injuries to his face and ears and requesting a hearing. A hearing was scheduled for March 16, 1989, but was cancelled for unknown reasons. Richey filed another Form 50 on March 13, 2000, alleging injuries to his ears, face and brain arising from the 1987 accident and requesting a hearing. Richey's pre-hearing brief also alleged injuries to his cervical spine.

A hearing before a single commissioner was held on August 24, 2000. The parties agreed to resolve the issue of laches prior to proceeding with a hearing on the alleged injuries. At the hearing, Richey testified that he was not told why the 1989 hearing was cancelled. A handwritten note on the hearing notice explained the cancellation, stating, "no hearing held; issues resolved; claim still open." The commission has not retained a file on the 1989 claim, nor has the original defense attorney or the insurance carrier. Richey testified, however, that he has not received any compensation for this claim.

No evidence exists showing any attempt by Richey to pursue his claim during the eleven-year period from the scheduled hearing in 1989 to his Form 50 filing in 2000. Richey consulted with several attorneys over this period of time, but apparently became frustrated with their services and terminated his relationship with them. He testified nothing prevented him from seeking additional representation after consulting with the other attorneys, except he was "worried about finding a good, honest lawyer."

The single commissioner found that Richey's claim was barred by laches. From this ruling, Richey appealed to the appellate panel of the commission, which unanimously affirmed the single commissioner's ruling. Richey appealed to the circuit court and the circuit court affirmed. This appeal follows.

## STANDARD OF REVIEW

The question of laches is largely a factual one, so each case must be judged on its own merits. *Mid–State*

*Trust, II v. Wright,* 323 S.C. 303, 307, 474 S.E.2d 421, 423–24 (1996). In a workers' compensation action, the appellate court's scope of review extends only to the correction of errors of law. *Gilliam v. Woodside Mills,* 319 S.C. 385, 387, 461 S.E.2d 818, 819 (1995).

## LAW/ANALYSIS

Richey contends the circuit court erred in finding his claim was barred by the doctrine of laches. Specifically, he argues that pursuant to *Halks v. Rust Eng'g Co.,* 208 S.C. 39, 47, 36 S.E.2d 852, 855 (1946), a timely filed claim remains pending until the case is disposed of by a final award, order, or judgment and the burden to request a hearing rests on both parties, as well as on the commission. Richey further asserts that no statute or agency rule sets a time limit for processing a workers' compensation claim. Therefore, he submits he should not be punished for his delay because it was not his sole responsibility to request a hearing and because the commission, insurance carrier, and original defense attorney acted improperly in destroying their files. While we agree that the responsibility to request a hearing following a Form 50 filing rests not only on the claimant, but also on the responding parties and the commission, we find the single commissioner did not err in barring Richey's claim under the doctrine of laches.

"Laches is neglect for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done." *Muir v. C.R. Bard, Inc.,* 336 S.C. 266, 296, 519 S.E.2d 583, 598 (Ct.App.1999) (citations omitted). Under the doctrine of laches, if a party who knows his rights does not timely assert them, and by his delay, causes another party to incur expenses or otherwise detrimentally change his position, then equity steps in and refuses to enforce those rights. *Id.* at 296, 519 S.E.2d at 599. The party asserting laches has the burden of showing negligence, the opportunity to act sooner, and material prejudice. *Id.* at 297, 519 S.E.2d at 599.

This court has recognized the applicability of the doctrine of laches in a workers' compensation claim. *See Muir,* 336 S.C. at 296–97, 519 S.E.2d at 598–99 (affirming the

commissioner's finding that the claim was not barred by the doctrine of laches because claimant did not act unreasonably in pursuing the claim); *McMillan v. Midlands Human Res.*, 305 S.C. 532, 533, 409 S.E.2d 443, 444 (Ct.App.1991) (quoting the commissioner's finding that "[a] claimant must prosecute his claim in a timely fashion or it may be barred by the doctrine of laches," although the commissioner's authority to dismiss the case for failure to prosecute was not disputed on appeal). In Richey's case, despite the shared responsibility in requesting a hearing set forth in *Halks,* Respondents nonetheless demonstrated that Richey was negligent in pursuing his claim and had the opportunity to act sooner. Richey's accident occurred in 1987 and he filed his Form 50 request for a hearing in 1988. While a hearing was scheduled in 1989, the results of that hearing are unknown. The fact that the file no longer exists prevents the court from determining what truly happened with Richey's claim. In fact, the handwritten "issues resolved" note on the hearing notice suggests the claim may have been settled. Richey had the opportunity to seek another hearing on his claim at any time, yet he offered no reasonable explanation for his eleven-year delay.

Respondents also demonstrated that Richey's failure to pursue the claim resulted in material prejudice. As stated above, the commission's file no longer exists. Neither the carrier nor the original defense attorney has a file regarding the claim filed in 1988, and the result of the original hearing is unknown. Further, Richey's most recent Form 50 alleges injuries to his brain and cervical spine in addition to the injuries to his ears and face alleged in his earlier Form 50. Respondents also demonstrated that it would be extremely difficult to depose the physicians who examined and treated Richey because some are no longer in practice and cannot be located. Additionally, some of the medical records Richey seeks to introduce are not on letterhead and do not bear the signatures of the physician. We agree with the single commissioner that due to the lack of records and time lapse, the proximate cause of Richey's additional injuries is difficult to ascertain. Moreover, we agree that even if Richey's additional injuries were a result of the accident in 1987, Respondents were denied the opportunity to provide Richey with any

appropriate treatment that may have prevented Richey's additional injuries.

Thus, we find the circuit court properly affirmed the decision of the full commission to apply the doctrine of laches to Richey's claim. Accordingly, the decision of the circuit court is

**AFFIRMED.**

STILWELL, J. and CURETON, A.J., concur.