731 S.E.2d 342

**Alfortina DAWKINS, Respondent,**

v.

**Jessie P. MOZIE, West Sebestin Mozie, Ricky L. Mozie, Qwendolyn Davis, Jessie Mozie, Michael Mozie, and Alacia Harper, Appellants.**

Appellate Case No. 2010–160326.

No. 5018.

Court of Appeals of South Carolina.

Heard June 20, 2012.
Decided Aug. 1, 2012.

William L. Pyatt, of Pyatt Law Firm, LLC, of Columbia, for Appellants.

Blake A. Hewitt, of Bluestein Nichols Thompson & Delgado, LLC, of Columbia, for Respondent.

WILLIAMS, J.

In this appeal, Jessie P. Mozie, et al., (Appellants) assert the special referee erred in (1) finding Alfortina Dawkins (Dawkins) was the sole and exclusive owner of the family property based upon adverse possession; and (2) refusing to dismiss the lawsuit on the ground of res judicata. We affirm.

## FACTS/PROCEDURAL HISTORY

This case involves a dispute between family members over the ownership of a piece of property in Fairfield County. The property at issue is a .75 acre tract of land that is a portion of a larger 3.5 acre tract of land originally owned by Mr. S.T. Padgett. In 1984, Mr. Padgett executed a deed (the 1984 deed) conveying the 3.5 acre parcel of land to his wife, Dolly Padgett, during her lifetime, and upon her death to Jessie Mozie, one of his daughters.[1] When Dolly Padgett died in 1992 she left a will that gave the 3.5 acre tract of land and the house on the land to their other daughter, Dawkins, despite Mr. Padgett's 1984 deed providing the land would pass to Jessie Mozie. However, Dolly Padgett's will was never probated. Dawkins moved into the house on the 3.5 acre tract of land in 1992 after her mother died.

In 1993, Mr. Padgett brought a lawsuit seeking to set aside the 1984 deed and have the deed construed as a constructive trust, asserting that his intention was never to have Jessie Mozie own the 3.5 acre tract of land in fee simple, but rather his intention was for all of his heirs to share the property. Mr. Padgett died during the pendency of the lawsuit, and his five daughters were substituted as plaintiffs in the action, which ultimately ended with the circuit court declining to impose a constructive trust.

On December 19, 2005, Dawkins initiated this lawsuit alleging she acquired the property by adverse possession because she moved onto the land in December 1992, and she had been in continuous, hostile, open, actual, notorious, and exclusive possession since that time. Initially, Jessie Mozie was the only defendant, but because Jessie Mozie died, Jessie Mozie's children were substituted as the defendants. Appellants answered and asserted Dawkins' complaint failed to state a cause of action. Appellants also counterclaimed for rent.

The circuit court referred the case to a special referee, who heard the case on October 24, 2008. Dawkins originally claimed title to the entire 3.5 acre tract of land but amended her claim during trial to include only the .75 acre tract. In an order signed March 18, 2010, the special referee found Daw-

---

1. Mr. and Mrs. Padgett had five daughters: Dorothy McCants, Bethany Padgett, Pearl Padgett, Alfortina Dawkins, and Jessie Mozie.

kins was the sole and exclusive owner of the .75 acre tract of land through adverse possession. Appellants filed a motion to reconsider, which the special referee denied. This appeal follows.

## STANDARD OF REVIEW

A claim of ownership based on adverse possession is an action at law. *Miller v. Leaird,* 307 S.C. 56, 61, 413 S.E.2d 841, 843 (1992). "In an action at law, the appellate court will correct any error of law, but it must affirm the special referee's factual findings unless there is no evidence that reasonably supports those findings." *Roberts v. Gaskins,* 327 S.C. 478, 483, 486 S.E.2d 771, 773 (Ct.App.1997).

## LAW/ ANALYSIS

### I. Adverse Possession

Appellants argue the special referee erred in finding Dawkins proved by clear and convincing evidence that she possessed the .75 acre tract of land for the requisite ten-year period necessary for adverse possession. We disagree.

"In order to establish a claim of adverse possession, the claimant must prove by clear and convincing evidence that possession of the property was continuous, hostile, actual, open, notorious, and exclusive for the statutory period." *McDaniel v. Kendrick,* 386 S.C. 437, 442, 688 S.E.2d 852, 855 (Ct.App.2009). "In South Carolina, adverse possession may be established if the elements of the claim are shown to exist for at least ten years." *Jones v. Leagan,* 384 S.C. 1, 10, 681 S.E.2d 6, 11 (Ct.App.2009) (citing S.C.Code Ann. § 15–67–210 (Supp.2008)).

Here, Appellants only challenge whether Dawkins possessed the property for the required statutory period. Appellants assert Dawkins did not possess the property adversely for the required ten-year period because she claimed ownership of the property under a constructive trust from 1992 to 1996. This argument is based on the lawsuit brought by Mr. Padgett after the death of his wife to set aside the 1984 deed and impose a constructive trust. During the litigation, Mr. Padgett died, and Dawkins and her sisters were substituted as plaintiffs. However, the circuit court declined to impose a constructive trust.

In this case, we find there is evidence to support the special referee's finding that when Dawkins moved onto the .75 acre tract of land in 1992, she was not claiming ownership of the property pursuant to a constructive trust. Dawkins testified she believed she acquired title to the property pursuant to the will left by her mother, Dolly Padgett. Dawkins stated she never moved from the property, and she has lived there continuously since 1992. Dawkins also testified her two children lived in the home on the property with her from 1992 to 2003. Dawkins asserts she never paid rent for her use of the property, and she made various improvements and repairs to the house on the property since she took possession in 1992. Dawkins maintained she paid taxes on the property from 1992 to 2004.

Further, when Mozie brought an eviction action against Dawkins in 1994, Dawkins testified she refused to vacate the premises and continued to live on the property until 2005. This evinces Dawkins' possession of the .75 acre tract of land has been hostile since at least 1994.

Dawkins filed this lawsuit asserting that she owned the property under a claim of adverse possession in 2005. We hold there is ample evidence in the record to support the special referee's finding Dawkins was in hostile possession of the .75 acre tract of land from at least 1994 to 2005. Because this possession is greater than the requisite ten-year period necessary to establish adverse possession, we affirm the special referee.

## II. Res Judicata

Appellants assert that because Dawkins sought title to the .75 acre tract of land in a prior action, she was barred from bringing an action for adverse possession by res judicata. We find this issue not preserved for review.

Res judicata is an affirmative defense that must be pled at trial to be pursued on appeal. *RIM Assocs. v. Blackwell,* 359 S.C. 170, 182, 597 S.E.2d 152, 159 (Ct.App. 2004). An affirmative defense is waived if not pled. *Id.*

Appellants failed to plead this issue in their answer and counterclaim and failed to raise this issue during the hearing before the special referee. Appellants first raised this issue in a post-trial brief; therefore, this issue is not properly pre-

served. *See Johnson v. Sonoco Prod. Co.*, 381 S.C. 172, 177, 672 S.E.2d 567, 570 (2009) (holding an issue may not be raised for the first time in a post-trial motion).

Even if this issue were properly pled, the special referee never ruled on this issue in his order filed on March 18, 2010. In their motion for reconsideration, Appellants failed to request a ruling by the special referee and failed to make a post-trial motion requesting a ruling. Therefore, because no ruling was ever made on this issue, it is not preserved for appellate review. *See Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (finding issue not preserved for appellate review where lower court did not rule on the issue, and the party failed to make a 59(e) motion asking the lower court to rule on the issue); *Halbersberg v. Berry*, 302 S.C. 97, 104, 394 S.E.2d 7, 12 (Ct.App.1990) (holding an issue not explicitly ruled on by lower court was waived for appellate review where omission was not brought to lower court's attention by way of a proper motion); *see also Fettler v. Gentner*, 396 S.C. 461, 469, 722 S.E.2d 26, 30 (Ct.App.2012) (holding an appellate court cannot address an issue unless it was first raised to and ruled upon by the lower court).

## CONCLUSION

Accordingly, the special referee's rulings are

**AFFIRMED.**

THOMAS and LOCKEMY, JJ., concur.