**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Leon P. Butler, Jr., Respondent,

v.

William L. Wilson, a/k/a Billy Wilson, Appellant.

Appellate Case No. 2011-198586

———————————

Appeal From Georgetown County
Willard D. Hanna, Jr., Special Referee

———————————

Unpublished Opinion No. 2013-UP-078
Heard January 9, 2013 – Filed February 20, 2013

———————————

**AFFIRMED**

———————————

Howell V. Bellamy, Jr., and George W. Redman, III, both of Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A., of Myrtle Beach, for Appellant.

Neil D. Wright of Barnett & Wright, PA, of Myrtle Beach, for Respondent.

———————————

**PER CURIAM:** In this dispute over a commercial lease, William L. Wilson appeals the special referee's order, arguing the special referee erred in (1) finding Wilson failed to give his landlord notice of his intent not to renew the lease; (2)

finding Wilson's landlord had no duty to mitigate damages; (3) finding the lease permitted Wilson's landlord to accelerate rental payments; (4) failing to consider evidence concerning mitigation; and (5) awarding pre-judgment interest. We affirm.

"An action for breach of contract seeking money damages is an action at law." *R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 430, 540 S.E.2d 113, 117 (Ct. App. 2000). "'In an action at law, the appellate court will correct any error of law, but it must affirm the special referee's factual findings unless there is no evidence that reasonably supports those findings.'" *Dawkins v. Mozie*, 399 S.C. 290, 293, 731 S.E.2d 342, 344 (Ct. App. 2012) (quoting *Roberts v. Gaskins*, 327 S.C. 478, 483, 486 S.E.2d 771, 773 (Ct. App. 1997)).

As a threshold issue, Butler argues in his Respondent's Brief that the Panel should dismiss this appeal for Wilson's failure to comply with the South Carolina Appellate Court Rules. We decline to address this argument, having already ruled on this issue in the context of Butler's motion to dismiss or strike. On July 10, 2012, this court entered an order striking portions of the record but declining to strike portions of Wilson's brief or dismiss the action. With regard to Butler's remaining issues, we affirm pursuant to the following authorities:

1.      As to Wilson's assertions the special referee erred in holding he failed to notify Butler of his intent not to renew the lease and the doctrine of laches bars Butler's claim: *Silver v. Aabstract Pools & Spas, Inc.*, 376 S.C. 585, 591, 658 S.E.2d 539, 542 (Ct. App. 2008) (holding whether the language of a contract is ambiguous is a question of law to be determined by the court by examining the entire contract and not merely whether certain phrases taken in isolation could be interpreted in more than one way, and stating "[o]ne may not, by pointing out a single sentence or clause, create an ambiguity" (internal citation and quotation marks omitted)); *ERIE Ins. Co. v. Winter Constr. Co.*, 393 S.C. 455, 460, 713 S.E.2d 318, 321 (Ct. App. 2011) ("It is not the function of the court to rewrite contracts for parties."); *Heins v. Heins*, 344 S.C. 146, 158, 543 S.E.2d 224, 230 (Ct. App. 2001) ("Where an agreement is clear and capable of legal interpretation, the court's only function is to interpret its lawful meaning, discover the intention of the parties as found within the agreement, and give effect to it."); *ESA Servs., LLC v. S.C. Dep't of Revenue*, 392 S.C. 11, 23, 707 S.E.2d 431, 438 (Ct. App. 2011) ("Any modification of a written contract must satisfy all fundamental elements of a valid contract in order for it to be enforceable, including a meeting of the minds between the parties with regard to all essential terms of the agreement. Thus,

'[w]hile a written contract can be orally modified, there must be a meeting of the minds as to the modification.'" (internal citation omitted)); *Chambers of S.C., Inc. v. Cnty. Council for Lee Cnty.*, 315 S.C. 418, 421, 434 S.E.2d 279, 280 (1993) ("Under the doctrine of laches, if a party, knowing his rights, does not seasonably assert them, but by unreasonable delay causes his adversary to incur expenses or enter into obligations or otherwise detrimentally change his position, then equity will ordinarily refuse to enforce those rights."); *id.* at 421, 434 S.E.2d at 281 (stating that, in determining whether laches bars a claim, the trial court has broad discretion and should consider the circumstances of the case, "including whether the delay has worked injury, prejudice, or disadvantage to the other party"); *Muir v. C.R. Bard, Inc.*, 336 S.C. 266, 297, 519 S.E.2d 583, 599 (Ct. App. 1999) ("The failure to assert a right does not come into existence until there is a reason or situation that demands assertion. The party asserting laches must satisfactorily show negligence, the opportunity to have acted sooner, and material prejudice." (internal citation omitted)).

2.     As to Wilson's assertion the special referee erred in holding South Carolina law does not require a landlord to mitigate his damages under the circumstances present in this case: *Cisson Constr., Inc. v. Reynolds & Assocs., Inc.*, 311 S.C. 499, 503, 429 S.E.2d 847, 849 (Ct. App. 1993) ("The duty to mitigate losses applies to contracts."); *id.* at 503-04, 429 S.E.2d at 849-50 (holding terms of note and guaranty prevented guarantor of note, who was a sophisticated party, from attempting to enforce the lender's duty to mitigate damages); *U.S. Rubber Co. v. White Tire Co.*, 231 S.C. 84, 95, 97 S.E.2d 403, 409 (1956) (recognizing a landlord who terminates a lease for the tenant's nonpayment of rent has a duty to mitigate his damages); *Sur. Realty Corp. v. Asmer*, 249 S.C. 114, 119, 153 S.E.2d 125, 128 (1967) ("[T]he relationship of landlord and tenant is terminated where the lessor, for his own purposes, re-enters and relets the demised premises upon the lessee's abandonment of the property and default in the payment of the rent." (citing *U.S. Rubber*, 231 S.C. at 95, 97 S.E.2d at 409)).

3.     As to Wilson's assertion the special referee erred in failing to conclude a contractual provision that purportedly excuses a landlord from mitigating his damages is an unenforceable penalty clause: *D & D Leasing Co. of S.C., Inc. v. David Lipson, Ph.D., P.A.*, 305 S.C. 540, 542, 409 S.E.2d 794, 796 (Ct. App. 1991) ("Unenforceability based on a penalty theory is an affirmative defense that must have been pled."); *Sullivan v. Hawker Beechcraft Corp.*, 397 S.C. 143, 152, 723 S.E.2d 835, 840 (Ct. App. 2012) (holding when a question first arises in response to the trial court's final order, a party must raise it to the trial court in a

motion pursuant to Rule 59(e), SCRCP, to preserve it for appellate review (citing *Godfrey v. Heller*, 311 S.C. 516, 520, 429 S.E.2d 859, 862 (Ct. App. 1993))).

4.      As to Wilson's claims the special referee erred in failing to consider his evidence on the issue of mitigation and in finding Butler was entitled to prejudgment interest, despite his failure to mitigate his damages: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

**AFFIRMED.**

**FEW, C.J., WILLIAMS, J., and CURETON, A.J., concur.**