**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Place on the Greene Homeowners Association, Inc., Respondent,

v.

W.G.R.Q., LLC, Easy Coin Laundry, Inc., Eva Nell Berry, and Jeffrey O. Kenney, Appellants.

Appellate Case No. 2011-197186

———————————

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-297
Heard February 6, 2013 – Filed July 3, 2013

———————————

**REVERSED**

———————————

Blake A. Hewitt and John S. Nichols, both of Bluestein, Nichols, Thompson & Delgado, of Columbia, for Appellants.

William M. Spillane and James B. Richardson, Jr., both of Columbia, for Respondent.

———————————

**PER CURIAM:** W.G.R.Q, LLC, Easy Coin Laundry, Inc., Eva Nell Berry, and Jeffrey O. Kenney, collectively, (Appellants) owners of commercial units in Place on the Greene, appeal the trial court's order enforcing a restrictive covenant. We reverse.

We hold the trial court erred in finding the Place on the Greene Homeowners Association's (HOA's) action to enjoin Appellants' violations of a restrictive covenant was not barred by laches. *Chambers of S.C., Inc. v. Cnty. Council for Lee Cnty.*, 315 S.C. 418, 421, 434 S.E.2d 279, 280 (1993) ("Under the doctrine of laches, if a party, knowing his rights, does not seasonably assert them, but by unreasonable delay causes his adversary to incur expenses or enter into obligations or otherwise detrimentally change his position, then equity will ordinarily refuse to enforce those rights."); *Hallums v. Hallums*, 296 S.C. 195, 198, 371 S.E.2d 525, 527 (1988) (defining laches as "neglect for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done"); *Richey v. Dickinson*, 359 S.C. 609, 612, 598 S.E.2d 307, 309 (Ct. App. 2004) ("The party asserting laches has the burden of showing negligence, the opportunity to act sooner, and material prejudice."). Appellants entered into obligations they would not have otherwise if the HOA had timely enforced the restrictive covenant. In addition, Appellants would suffer financial losses if the covenant is enforced now. We further find the HOA's delay in enforcing the restrictive covenant for two decades after the violations started is not excused by the HOA board members' attempts to appease the board member who was one of the developers and the general lack of initiative of board members.

As we find the HOA's action is barred by laches, we need not address Appellants' remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating appellate court need not address remaining issues when disposition of prior issue is dispositive).

**REVERSED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**