**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Estate of Willie G. Weekley, Deceased, By Its Personal Representative, Betty W. Denney, Respondent,

v.

L.C. Weekley, Laura Weekley Segel, Individually and as Personal Representative of the Estate of William James Weekley, Deceased, Peter Saad as Personal Representative of Mary Elizabeth Weekley Saad, Deceased and as Trustee of the Mary Elizabeth Saad Trust,

Of Whom Laura Weekley Segel, Individually And As Personal Representative Of The Estate Of William James Weekley, Deceased, is the Appellant.

Appellate Case No. 2015-001721

———————

Appeal From Hampton County
Perry M. Buckner, III, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-208
Heard February 14, 2017 – Filed May 17, 2017

———————

**REVERSED AND REMANDED**

———————

Amanda A. Bailey, of McNair Law Firm, P.A., of Myrtle Beach; and Kelly McPherson Jolley and Ariail Burnside

Kirk, both of Jolley Law Group, LLC, of Hilton Head Island, for Appellant.

George Hamlin O'Kelley, III, of Buist Byars & Taylor, LLC, of Mount Pleasant, for Respondent.

---

**PER CURIAM:** Laura Weekley Segel, individually and as personal representative of the Estate of William James Weekley (collectively Appellants), appeal the grant of summary judgment in favor of the Estate of Willie G. Weekley (the Estate). Appellants contend the circuit court erred when if affirmed the probate court's ruling that certain property transfers did not comply with the terms of Willie G. Weekley's will. We reverse and remand.

1. The probate court did not lack subject matter jurisdiction over the matters presented in this complex case. This case involves distribution of the still-open Estate's assets and compliance with the terms set forth in Willie G. Weekley's will. Therefore, it is the type of case over which our legislature has granted broad subject matter jurisdiction to the probate court. *See Judy v. Judy*, 393 S.C. 160, 169, 712 S.E.2d 408, 412 (2011) ("[T]he extent of the probate court's jurisdiction is defined by our legislature."); S.C. Code Ann. § 62-1-302(a) (Supp. 2016) ("[T]he probate court has exclusive original jurisdiction over all subject matter related to: (1) estates of decedents, including the contest of wills, construction of wills, . . . and determination of heirs and successors of decedents and estates of protected persons . . . ."). Appellants' remaining jurisdictional arguments regarding removal do not implicate *subject matter* jurisdiction. *See Allison v. W.L. Gore & Assocs*., 394 S.C. 185, 188, 714 S.E.2d 547, 549 (2011) ("A court's subject matter jurisdiction is determined by whether it has the authority to hear the type of case in question."). Because Appellants raises these jurisdictional issues for the first time on appeal, they are not properly preserved for this court's consideration. *See Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit] court to be preserved."). Accordingly, the portion of the probate court's order finding proper the deed conveying the forty acres around Willie G. Weekley's home, is the law of the case. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case.").

2. The circuit court erred in granting summary judgment when genuine issues of material fact existed regarding Appellants' affirmative defenses of laches and

estoppel. Segel presented evidence indicating the Estate and its personal representative had actual and constructive knowledge of the disputed transactions some years prior to filing the present lawsuit, and Segel demonstrated Appellants would be prejudiced by the return of the disputed property interests to the Estate. *See In re Estate of Weeks*, 329 S.C. 251, 260, 495 S.E.2d 454, 459 (Ct. App. 1997) ("[T]he circuit court should apply the same standard of review when it considers an appeal from the probate court as an appellate court would apply on appeal."); *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002) ("When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP."); *id.* ("Summary judgment is appropriate when there is no genuine issue of material fact such that the moving party must prevail as a matter of law."); *Robinson v. Estate of Harris*, 388 S.C. 616, 627, 698 S.E.2d 214, 220 (2010) ("Under the doctrine of laches, if a party, knowing his rights, does not seasonably assert them, but by unreasonable delay causes his adversary to incur expenses or enter into obligations or otherwise detrimentally change his position, then equity will ordinarily refuse to enforce those rights." (quoting *Chambers of S.C., Inc. v. Cty. Council for Lee Cty.*, 315 S.C. 418, 421, 434 S.E.2d 279, 280 (1993))); *Regions Bank v. Schmauch*, 354 S.C. 648, 674-75, 582 S.E.2d 432, 446 (Ct. App. 2003) ("Elements of equitable estoppel as to the party estopped are: (1) conduct by the party estopped which amounts to a false representation or concealment of material facts; (2) the intention that such conduct shall be acted upon by the other party; and (3) knowledge, actual or constructive, of the true facts. Essential elements of estoppel as related to the party claiming the estoppel are: (1) lack of knowledge and of means of knowledge of truth as to facts in question; (2) reliance upon conduct of the party estopped; and (3) prejudicial change in position." (quoting *Zabinski v. Bright Acres Assocs.*, 346 S.E. 580, 589, 553 S.E.2d 110, 114 (2001))).

3. Because we reverse the grant of summary judgment based on Appellants' laches and estoppel arguments, we decline to address the remaining arguments as to why the grant of summary judgment was error. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address remaining issues on appeal when the disposition of a prior issue is dispositive).

**REVERSED AND REMANDED.**

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**