**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Duke Energy Carolinas, LLC, Appellant,

v.

Caleb E. Walker, and Christina T. Walker, Respondents.

Appellate Case No. 2016-002062

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

Unpublished Opinion No. 2018-UP-448
Submitted November 1, 2018 – Filed December 5, 2018

**REVERSED**

H. Sam Mabry, III, Sarah Patrick Spruill, and Joshua D. Spencer, all of Haynsworth Sinkler Boyd, PA, of Greenville, for Appellant.

R. Mills Ariail, Jr., of Law Office of R. Mills Ariail, Jr., and Glenn Moore Spitler, III, both of Greenville, for Respondents.

**PER CURIAM:**  Duke Energy Carolinas, LLC (Duke Energy) appeals a trial court order finding Caleb and Christina Walker (collectively, the Walkers) did not have to remove a metal fence and retaining wall (the Encroachments) from a portion of

the Walkers' property subject to an easement held by Duke Energy (the Easement). On appeal, Duke Energy argues the trial court erred in applying the doctrine of laches to allow the Encroachments to remain on the Easement. We reverse.

"The appellate court's standard of review in equitable matters is our own view of the preponderance of the evidence." *Horry Cty. v. Ray*, 382 S.C. 76, 80, 674 S.E.2d 519, 522 (Ct. App. 2009). "The inquiry into the applicability of laches is highly fact-specific and each case must be judged by its own merits." *Emery v. Smith*, 361 S.C. 207, 216, 603 S.E.2d 598, 602 (Ct. App. 2004). "[T]he determination of whether laches has been established is largely within the discretion of the trial court." *Id.*

In order to successfully raise the defense of laches, the Walkers had to prove three elements at trial: a delay in Duke Energy's assertion of its rights under the Easement; that the delay was unreasonable; and that they were prejudiced by the unreasonable delay. *Id.* at 215, 603 S.E.2d at 602 ("The party seeking to establish laches must show (1) delay, (2) unreasonable delay, and (3) prejudice."); *id.* ("Under the doctrine of laches, if a party, knowing his rights does not seasonably assert them, but by unreasonable delay causes his adversary to incur expenses or enter into obligations or otherwise detrimentally change his position, then equity will ordinarily refuse to enforce those rights."); *Muir v. C.R. Bard, Inc.*, 336 S.C. 266, 296, 519 S.E.2d 583, 598 (Ct. App. 1999) ("Laches is neglect for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done.").

Regarding the first element, the preponderance of the evidence supports the trial court's finding of a delay. *See Emery*, 361 S.C. at 215, 603 S.E.2d at 602 (holding the first element of laches is a delay). Caleb Walker testified construction of the Encroachments occurred in early 2013, and the record shows the Walkers applied for permits by March 2013. Duke Energy filed its complaint in October 2014, approximately eighteen months after construction on the Encroachments began. Based on the time lapse between the construction of the Encroachments and Duke Energy's complaint, we find the trial court properly found there was a delay.

Next, we turn to whether the delay was unreasonable. *Id.* at 215, 603 S.E.2d at 602 (holding the party asserting laches must show the delay was unreasonable). In *Jones v. Leagan*, this court found unreasonable delay where a landowner failed to visit his property for seventeen years and thus did not discover adverse possessors. 384 S.C. 1, 19–20, 681 S.E.2d 6, 16 (Ct. App. 2009). In the instant case, however, Duke Energy commenced litigation approximately eighteen months after the

Walkers constructed the Encroachments and approximately eight months after Steven Pryor, an asset protection specialist for Duke Energy, instructed the Walkers to remove the Encroachments. Our analysis hinges on whether Duke Energy had actual knowledge or inquiry notice of the facts forming the basis of its claim against the Walkers. *See Provident Life & Acc. Ins. Co. v. Driver*, 317 S.C. 471, 479, 451 S.E.2d 924, 929 (Ct. App. 1994) ("The lached party must have had actual knowledge or inquiry notice of the facts forming the basis of its claim, and its failure to assert its right is irrelevant until there is a reason or situation that demands assertion."); *id.* ("As with waiver, laches arises upon the failure to assert a known right under circumstances indicating that the lached party has abandoned or surrendered the right.").

Concerning Duke Energy's actual knowledge of the Encroachments, Pryor testified he first learned about them in January 2014 during a phone call with Caleb. Pryor insisted the Encroachments had to be removed in January 2014 and sent a follow-up letter reiterating the same in February 2014. No other witness testified on the issue of Duke Energy's actual knowledge, and no evidence in the record suggests Duke Energy had actual knowledge of the Encroachments before January 2014.

However, Pryor also testified about helicopter flyovers conducted by Duke Energy, and the trial court concluded those flyovers should have made Duke Energy aware of the Encroachments. We find this conclusion was in error. *See Horry Cty.*, 382 S.C. at 80, 674 S.E.2d at 522 ("The appellate court's standard of review in equitable matter is our own view of the preponderance of the evidence."); *Emery*, 361 S.C. at 216, 603 S.E.2d at 602 ("The inquiry into the applicability of laches is highly fact-specific and each case must be judged by its own merits."). Pryor's testimony on the flyovers was brief. He stated Duke Energy performed two flyovers per year over its various easements in this state. However, he had no way of verifying the specific dates any flyovers were performed and did not know when, if ever, any flyovers were conducted over the Easement. He further testified if a flyover was performed and observed evidence of the Encroachments, such information would have been reported to him; however, he did not receive any reports. He also explained the helicopter pilots may not see something "depending on where the helicopter flies, the skew, [and] the angle." In our view, Pryor's limited testimony does not evidence a knowing abandonment of Duke Energy's rights under the Easement. *See Provident Life*, 317 S.C. at 479, 451 S.E.2d at 929 ("As with waiver, laches arises upon the failure to assert a known right under circumstances indicating that the lached party has abandoned or surrendered the right."); *cf. Arceneaux v. Arrington*, 284 S.C. 500, 502–04, 327 S.E.2d 357, 358–

59 (Ct. App. 1985) (holding a two-year delay was unreasonable because plaintiffs had actual knowledge of physical changes to a parcel of real property and constructive notice of covenants recorded in a deed as a matter of public record).

Finally, the Walkers had to show Duke Energy's delay in asserting its rights under the Easement prejudiced them. *Provident Life*, 317 S.C. at 479, 451 S.E.2d at 929 ("[P]rejudice is an essential element of laches. In order to constitute laches, the delay in bringing suit must have caused some injury, prejudice[,] or disadvantage to the party claiming laches."). On this point, Caleb testified he knew of the Easement when he purchased the property. Although he believed the Encroachments would not interfere with Duke Energy's right-of-way, he knowingly constructed them over the Easement. Moreover, the Walkers did not contact Duke Energy before beginning construction on the Encroachments. Thus, Duke Energy did not cause the Walkers to incur expenses or otherwise detrimentally change their position. *Richey v. Dickinson*, 359 S.C. 609, 612, 598 S.E.2d 307, 309 (Ct. App. 2004) ("Under the doctrine of laches, if a party who knows his rights does not timely assert them, and *by his delay, causes another party to incur expenses or otherwise detrimentally change his position*, then equity steps in and refuses to enforce those rights." (emphasis added)); *cf. Jones*, 384 S.C. at 19–20, 681 S.E.2d at 16 (finding adverse possessors were prejudiced by a seventeen-year delay when they built improvements on the property in good faith without any knowledge of the landowner's rights). Accordingly, we find the preponderance of the evidence fails to support the trial court's finding of prejudice.

We decline to address Duke Energy's remaining arguments that South Carolina law does not allow a public purpose easement to be modified by prescription and the relief ordered by the trial court did not address its concerns. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when the disposition of a prior issue is dispositive).

Accordingly, the order of the trial court is

**REVERSED.**[1]

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.